## SUPREME COURT.

The Buffalo and State Line Rail Road Company agt. Reynolds AND WIFE.

Where a Rail Road Company, being unable to agree with the owner of land
wanted for the road, make application to the court by petition, for the ap-
pointment of commissioners, under the general Rail Road act passed April
2, 1850, and the facts alleged in the petition, or any of them, are denied by the
owner, upon which an issue is formed, the *proof* required to be produced by
the owner to disprove the facts alleged, must be *legal evidence;* the party's
own *affidavit,* or any other affidavit, will not answer.

*Erie Special Term, August* 1851. Application for the ap-
pointment of commissioners, founded upon the petition of the
Buffalo and State Line Rail Road Company, pursuant to section
14 of the general rail road act, passed April 2, 1850. The peti-
tion contained the allegations required by the law, and among
them, that the company had not been able to acquire the title
to the lands described in the petition, and that the reason of such
inability was, that they had been unable to agree with the owner
of the land as to the amount of compensation to be paid for the
acquisition of the title. The defendant Reynolds showed cause
against granting the prayer of the petitioners, and denied the
above allegation. He alleged that the petitioners were in pos-
session of the land, and were constructing their road thereon,
under and by virtue of a contract made by him with the Dunkirk
and State Line Rail Road Company and that the petitioners were
the assignees of such contract.

In support of the issue on the part of the defendant, he offered
to read his and other affidavits. The petitioners objected. They
were read; the queston of their admissibility being reserved.
The defendant also called witnesses.

Grosvenor & Haven, *for Plaintiffs.*

Geo. Barker, *for Defendants.*

Marvin, Justice.—The defendant claims that in February last
he entered into a contract with the Dunkirk and State Line Rail

Buffalo and State Line Rail Road Co. agt. Reynolds and wife.

Road Co. for the sale of the land in question. That that company entered upon the land with his permission, and worked thereon until in May, when an arrangement was entered into between different rail road companies, by which the Dunkirk and State Line Rail Road Co. were to abandon the construction of their road and the petitioners were to construct theirs, and were to succeed to all the rights acquired by the Dunkirk and State Line Rail Road Co. and to assume all their contracts and liabilities. That the petitioners entered under this arrangement, and he claims they are bound by the contract he alleges he made in February with the Dunkirk and State Line Rail Road Co. and that therefore they have not been unable to agree as to the compensation to be paid to him for the land.

The main object of the defendant's affidavit is to establish the contract with the Dunkirk and State Line Rail Road Co. for the sale of the land.

It was not claimed that the defendant could successfully resist this application, unless he made a case which, as against the Dunkirk and State Line Rail Road Co. would, in equity, entitle him to a judgment for a specific performance. The petitioners are not willing to pay the price demanded by the defendant, and the parties have not been able to agree upon the compensation, unless they are bound by the alleged agreement made in February.

Can the affidavits of the defendant and others be used upon this application?

The 14th section of the act directs, among other things, what the petition must contain. By the 15th section " all persons whose estates or interests are to be affected by the proceedings, may show cause against granting the prayer of the petition, and may disprove any of the facts alleged in it. The court shall hear the proofs and allegations of the parties, and if no sufficient cause is shown against granting the prayer of the petition, it shall make an order, &c.

If the person whose estate or interest is affected, denies any of the facts alleged in the petition, an issue is then formed, and the

statute imposes upon him the burden of proof; he may *disprove* the facts alleged. The court is to hear the *proofs* and allegations of the parties. The evidence to disprove the facts alleged in the petition, must be *legal evidence*. This is the only evidence which the court is directed to hear. The words, evidence and proof, are often used as synonymous; *in* strictness, however, the latter is an effect of the former. " Proof is that quantity of appropriate evidence which produces assurance and certainty; and evidence, therefore, differs from proof as cause from effect" (*Wills on Cri. Ev.* 2, 3; see also *Green. Ev.* 1,; *Jacobs's L. Dict. Proof* and *Evidence*). When a statute requires *proof* to be made, it must be made by *legal evidence*, unless from the context or other qualifying words it is apparent the legislature intended that the fact might be shown by affidavit, or in some other manner.

It is a general rule in construing statutes, that when a word is used, the meaning of which is well known at common law, the word should be understood in the same sense it was understood at common law (*Bac. Ab. Statutes I.* 4).

In Brown vs. Hinchman, 9 *J. R.* 75, the court, in construing the words " shall prove to the satisfaction of any justice," &c. say, " Proof here means *legal evidence*, and that can not be by the party's own oath, unless the statute expressly says so." (See also Terry vs Fargo, 10 *J. R.* 114; Van Steenburgh vs. Harty, 10 *J. R.* 167.)

The legislature has in many cases authorized facts to be proved or shown by the oath of the party or by affidavits.

In the present case there is nothing in the language of the act qualifying the words *disprove* and *proof*, and their meaning, at common law, is clearly defined. They do not justify the use of affidavits upon the trial of the issue formed between the parties. The affidavits read to disprove the facts alleged in the petition, are therefore excluded from consideration.

I have carefully considered all the *competent* evidence produced by the defendant, and in my opinion it falls far short of establishing even a parol contract for the purchase and sale of the land. The parties negotiated; the company entered upon

the land without objection, but there is no evidence that the parties ever agreed upon a price.

Commissioners must be appointed in accordance with the prayer of the petition.