PENNELL, Plaintiff in error, vs. THE STATE, Defendant in error.

*October 30—November 12, 1909.*

*Intoxicating liquors: Statutes construed: Sale of "malt liquor:" Evidence: Constitutional law: Police power.*

1. The word "liquor" and the associated word "drinks" in a statute regulating or forbidding the sale of intoxicants mean an alcoholic beverage.

2. Sec. 1565c, Stats. (1898), forbidding the sale in no-license territory of "any spirituous, malt, ardent or intoxicating liquors or
drinks," forbids the sale of fermented malt liquor containing
alcohol, whether intoxicating or not.

[3. Whether in sec. 1565, Stats. (Supp. 1906; Laws of 1905, ch. 341),—
providing that "in all cases proofs of the sale or giving away
of any malt, spirituous, vinous or distilled liquor of any name
or nature whatsoever shall be deemed proof of the sale or giving away of intoxicating liquors without proof that the liquor
so sold or given away was in fact intoxicating,"—the words
"shall be deemed proof" create merely a rebuttable presumption or mean conclusive evidence of the fact that the liquor was
intoxicating, not determined.]

4. In enacting a police regulation the legislature may include within
the purview of the statute acts innocent and not in themselves
the subject of police regulation, where the inclusion of such
acts is necessary, in the opinion of the legislature, to make the
police regulation effective.

5. On the principle above stated it was competent for the legislature
by sec. 1565c, Stats. (1898), to forbid the sale in no-license territory of any fermented malt liquor containing alcohol.

ERROR to review a judgment of the circuit court for Vernon
county: JAMES O'NEILL, Judge.  *Affirmed.*

*C. W. Graves,* for the plaintiff in error, cited, among other
authorities, secs. 1565, 1565c, Stats. (1898); ch. 284, Laws
of 1883; Jones, Ev. (2d ed.) § 128 (129); *Briffitt v. State,*
58 Wis. 39, 16 N. W. 39; *Brown v. Piper,* 91 U. S. 37;
*Stoner v. State,* 5 Ga. App. 716, 63 S. E. 602; *Blatz v. Rohrbach,* 116 N. Y. 450, 22 N. E. 1049; 57 Cent. Law J. 310;
*State v. Laffer,* 38 Iowa, 422; *Hardwick v. State,* 55 Tex.
Crim. 140, 114 S. W. 832; *State v. Giersch,* 98 N. C. 720,
4 S. E. 193; *Connolly v. Atlanta,* 79 Ga. 664, 4 S. E. 263.

For the defendant in error there was a brief signed by
*J. Henry Bennett,* district attorney, and oral argument by
*Mr. Bennett* and by *A. C. Titus,* assistant attorney general.
They cited *State v. York,* 74 N. H. 125, 65 Atl. 685, 13 Am.
& Eng. Ann. Cas. 116; *Luther v. State,* 83 Neb. 455, 120 N.
W. 125, 20 L. R. A. N. s. 1146; *Eaves v. State,* 113 Ga. 749,
39 S. E. 318; *Bradshaw v. State,* 76 Ark. 562, 89 S. W.

1051; *Feibelman v. State,* 130 Ala. 122, 30 South. 384; *State v. Frederickson,* 101 Me. 37, 63 Atl. 535, 6 L. R. A. N. s. 186, and note; *People v. Adams,* 95 Mich. 541, 55 N. W. 461; *State v. Ely* (S. Dak.) 118 N. W. 687; *Briffitt v. State,* 58 Wis. 39, 16 N. W. 39.

TIMLIN, J.   The plaintiff in error was convicted upon a ·charge of having,ʹ on November 28, 1908, sold certain spirituous, malt, ardent, and intoxicating liquors and drinks in the ·city of Viroqua, contrary to a vote of the qualified electors of ·that city at an election held April 7, 1908, pursuant to secs. 1565*a*, 1565*b*, Stats. (1898).   When the case was called and ·ready for trial the following stipulation was made between the attorneys for the respective parties:  ·ʹ

"(1) That all the formal allegations of the complaint with relation to the election and negativing the right of the defendant to vend, deal, or traffic in, or give away any malt, spirituous, ardent, or intoxicating liquors or drinks in any· quantity whatsoever and of any name whatsoever as a beverage or otherwise are true as therein stated.

"(2) That at the time and place alleged the defendant sold .as a beverage to one C. J. Smith two quart bottles of fermented malt liquor manufactured by the Lauritzen Malt Co. of Minneapolis, Minnesota, from barley malt and foreign and domestic hops, containing the following percentage of alcohol, to wit: 1.44 by weight and 1.84 by volume, which said liquor so sold was labeled as follows: 'Non-Intoxicating.   A Fermented Liquor.   Gold Foam.   Guaranteed Less Than Two % Alcohol.By Weight.   Made From Choicest Selected Materials.   Bottled For Export.   Lauritzen Malt Co.   Minneapolis, Minnesota.'

"(3) That the defendant claimed said liquor so sold to be not intoxicating in fact, and hereby reserves the right to offer ·to prove, and to prove in fact if permitted by the court, that such liquor was not intoxicating.   The state reserves the right to prove, and prove if permitted, that it was intoxicating in fact."

Having offered this stipulation the state rested its case, whereupon the plaintiff· in error offered himself as a witness

to show that the liquor in question was a nonintoxicating liquor. On objection by the state the court excluded this evidence, and the jury found the plaintiff in error guilty after having been instructed by the court to the effect that it was not necessary for the jury to determine whether this fermented malt liquor was or was not intoxicating in fact. "If it was a fermented malt liquor containing alcohol, as admitted in the stipulation, it is really immaterial how much alcohol it contained. The statute prohibits the sale of malt liquor, and is conclusive."

The word "liquor" in a statute regulating or forbidding the sale of intoxicants should be taken to mean an alcoholic beverage. Cent. Dict.; Standard Dict.; *People v. Crilley,* 20 Barb. 246; *U. S. v. Cohn,* 2 Ind. Terr. 474, 52 S. W. 38. The associated word "drinks" in such statute means an alcoholic beverage. *State v. Oliver,* 26 W. Va. 422. Alcohol is a product of fermentation. Malting is a process preliminary to fermentation. Alcohol is separated, not produced, by distillation, and the liquor thus separated containing a percentage of alcohol is called spirituous liquor. Where there is no such separation, but the alcohol produced by fermentation remains in the liquid drawn off from the malt, the product is called malt liquor. Where the production of alcohol by fermentation is preceded by no malting process, as in the case of wine, the product is called vinous liquor. So that under sec. 1565c, standing alone, an offense was committed if the accused sold ardent drinks or malt drinks or spirituous drinks, or ardent liquor or malt liquor or spirituous liquor, as well as if he sold intoxicating liquors or drinks. Each is apparently prohibited by this statute. But this is not all the statute law on the subject, for sec. 1565, as amended by ch. 341, Laws of 1905, provides that it shall not be necessary to allege or state in the complaint, information, or indictment the kind or quantity of liquor sold or the person to whom the same was sold, but it shall be sufficient to allege generally that the accused sold intoxicating liquor at a time and place mentioned, etc. This

would seem to indicate a legislative understanding that the malt or ardent liquor or other liquid sold must have been intoxicating, or else that all alcoholic beverages are intoxicating if taken in sufficient quantity, as stated by Judge BREWER in *Intoxicating Liquor Cases,* 25 Kan. 751. The statute last referred to also provides:

"In all cases proofs of the sale or giving away of any malt, spirituous, vinous or distilled liquor of any name or nature whatsoever shall be deemed proof of the sale or giving away of intoxicating liquors without proof that the liquor so sold or given away was in fact intoxicating."

Plaintiff in error contends that the words "shall be deemed proof" merely mean to create a rebuttable presumption of the fact that the liquor was intoxicating, while the counsel for the state contends that the words "shall be deemed proof" are to be taken to mean conclusive evidence. We are cited to many cases on this point defining and applying the word "proof." *Buffalo & S. L. R. Co. v. Reynolds,* 6 How. Pr. 96; *Nevling v. Comm.* 98 Pa. St. 322; *People v. Beckwith,* 108 N. Y. 67, 15 N. E. 53; *People v. Bowers* (Cal.) 18 Pac. 660; *Briffitt v. State,* 58 Wis. 39, 16 N. W. 39. We do not find it necessary to construe this last-mentioned paragraph of the statute.

The plaintiff in error here by stipulation admitted the sale of fermented malt liquor containing 1.84 per cent. of alcohol in volume. By this admission he not only brought himself within the descriptive words of sec. 1565c, but he admitted an offense under that section; that is, he supplied evidence that he sold a malt liquor containing alcohol. The legislature had power to forbid this sale and did so by sec. 1565c. In enacting a police regulation it may be found necessary to include within the purview of the statute certain acts innocent and not in themselves the subject of police regulation, where the inclusion of such acts is necessary, in the opinion of the legislature, to make the police regulation effective, as in *Booth v. Illinois,* 184 U. S. 425, 22 Sup. Ct. 425, where, in

the effort to reach and repress.gambling contracts relating to future deliveries of grain, the legislature made it a criminal offense for one to have himself or to give to another the option to sell or buy at a future time any grain or other commodity, and the law was upheld as a lawful exercise of the police power; or, to quote from *Otis v. Parker,* 187 U. S. 606, 23 Sup. Ct. 168, where an act of the people of a state in the adoption of a state constitution provided that all contracts for the sale of shares of the capital stock of any corporation or association on margin or to be delivered at a future day shall be void: .

"If the state thinks that an admitted evil cannot be prevented except by prohibiting a calling or transaction not in itself necessarily objectionable, the courts cannot interfere, unless, in looking at the substance of the matter, they can see that it 'is a clear, unmistakable infringement of rights secured by the fundamental law.' "

This principle has been applied to liquor laws quite uniformly and with reference to statutes substantially like ours which prohibited the sale, not only of intoxicants, but of those nonintoxicating beverages the sale of which might easily be made a cover for the sale of intoxicants. *Feibelman v. State,* 130 Ala. 122, 30 South. 384; *Eaves v. State,* 113 Ga. 749, 39 S. E. 318; *Luther v. State,* 83 Neb. 455, 120 N. W. 125, 20 L. R. A. n. s. 1146; *State v. O'Connell,* 99 Me. 61, 58 Atl. 59; *Hatfield v. Comm.* 120 Pa. St. 395, 14 Atl. 151; *State v. Ely* (S. Dak.) 118 N. W. 687. We are not obliged to go so far in the instant case, because here the beverage sold was not only within the prohibitory terms of the statute, but contained the intoxicating element in considerable proportion.

We believe that the admission by the defendant that he sold fermented malt liquor containing alcohol constituted the admission of an offense under this statute, and consequently that the further proof offered by him and rejected was immaterial.

*By the Court.*—Judgment affirmed.