SILBER, Respondent, vs. BLOODGOOD and another, Appellants.

*April 15—July 8, 1922.*

*Intoxicating liquors: License to sell non-intoxicating liquors: Right of prohibition officer to inspect premises: Breaking locks.*

1. Pursuant to its power to prohibit traffic in intoxicating liquors the state may also prohibit traffic in non-intoxicating liquors, or permit traffic therein on such conditions as it may prescribe, for the reason that traffic in non-intoxicating liquors affords an easy cover for dealing in intoxicating liquors.

2. By receiving a license for traffic in non-intoxicating liquors and acting thereunder, the licensee consents to all the regulations prescribed authorizing issuance of the license; and it being for a business that the state may prohibit, it may require the licensee to submit his premises to an inspection by lawful authorities without the issuance of a search warrant.

3. While the ordinary import of the term "inspect" does not comprehend the breaking of locks, it was inserted in sub. (30), sec. 1, ch. 441, Laws 1921, for the purpose of authorizing the prohibition commissioner, acting in good faith, to make such investigations without warrant as may be necessary to discover the presence of contraband liquor upon the premises.

4. Under sub. (30), sec. 1, ch. 441, Laws 1921, authorizing the prohibition commissioner or his deputies to "inspect" at all reasonable times premises wherein non-intoxicating liquors are kept for sale, the defendants, as deputy prohibition commissioners, were empowered to force an entrance into a locked drawer in which was hidden a bottle of contraband whisky.

APPEAL from an order of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Reversed.*

The complaint alleges that on the date therein mentioned the defendants entered his place of business and then and there unlawfully interfered with plaintiff in the exercise of his ownership and possession of his said property and belongings and did then and there forcibly and violently against his consent, and over his protest, cause said property, furniture, and fixtures to be destroyed, smashed, and injured, and did break the locks on said furniture, to his damage, etc.  For answer the defendants allege that they were deputy prohibition commissioners of the state of Wisconsin, and that on the day in question they were acting in the discharge of their official duties as such deputy prohibition commissioners; that the plaintiff was engaged in the sale of non-intoxicating liquors pursuant to a license issued to him for that purpose by the proper officials of the city of Milwaukee, under the provisions of ch. 441 of the Laws of 1921; that prior to the day in question the defendants were informed by officers of the police department in the city of Milwaukee that the plaintiff had in his possession, at the licensed premises where he was so engaged in selling non-intoxicating liquors under and pursuant to such license, intoxicating liquors, contrary to the laws of the state of Wisconsin, and that the plaintiff had some time prior to the day in question habitually sold intoxicating liquors upon said premises, and believing such information, on the day in question, with certain officers of the police department of the city of Milwaukee, proceeded to the premises of plaintiff, in discharge of their duties as such deputy prohibition commissioners; that upon arriving at the premises they requested the plaintiff to open a locked drawer, the key to which was in his possession, and upon the persistent refusal of the plaintiff so to do the defendants forced the lock on said drawer, without breaking or destroying any property of the plaintiff, and took from said drawer and possession of the plaintiff a bottle of whisky;

that the defendants used no violence whatever except the slight amount necessary to spring the lock of said drawer to obtain possession of said whisky and to discharge their official duties. The plaintiff demurred to the answer for the reason that it did not state facts sufficient to constitute a defense. The trial court sustained the demurrer, from which order the defendants bring this appeal.

The cause was submitted for the appellants on the brief of the *Attorney General* and *J. E. Messerschmidt*, assistant attorney general, and for the respondent on a brief signed by *W. B. Rubin* of Milwaukee, of counsel.

The following opinion was filed May 9, 1922:

OWEN, J. The precise question presented is whether the defendants in their official capacity as deputy prohibition commissioners were authorized to force an entrance to the drawer in which was concealed the contraband whisky. Sub. (29), sec. 1, ch. 441, Laws 1921, provides that nonintoxicating liquor shall not be sold or kept for sale without a license, therein provided for, and sub. (30) of the same section provides that the prohibition commissioner, his deputies, or any peace officer may inspect such premises at any reasonable time without warrant. So far as the validity of this provision is concerned, it is settled by the case of *Finsky v. State,* 176 Wis. 481, 187 N. W. 201. It was lawful for the defendants in the execution of their official duties to "inspect" plaintiff's premises for the purpose of ascertaining whether he was violating the law of the state with reference to the possession or sale of intoxicating liquors. The trial court was of the opinion that the authority conferred upon the defendants to "inspect" did not authorize them to force an entrance into the locked drawer. He expressed the view that if the power to "inspect" were to be construed as authorizing a search and seizure without a warrant, its validity would be jeopardized, as it would contravene both federal and state constitutions prohibiting unreasonable searches and seizures.

Silber v. Bloodgood, 177 Wis. 608.

The plaintiff, was doing business pursuant to the sufferance of the state. Pursuant to its power to prohibit traffic in intoxicating liquors it may also prohibit traffic in non-intoxicating liquors, for the reason that traffic in non-intoxicating liquors affords an easy cover for dealing in intoxicating liquors. *Pennell v. State,* 141 Wis. 35, 123 N. W. 115.. As the state may prohibit dealing in non-intoxicating liquors it may permit traffic therein upon such conditions as it may prescribe. The conditions imposed by the provisions of ch. 441 of the Laws of 1921 require the securing of a license and the submission by the licensee of his premises to the inspection of the prohibition commissioner and his deputies. It is not necessary to consider how far the prohibition commissioner and his deputies may go in the matter of searching premises not under license for the sale of non-intoxicating liquors. The legislature has evidently not attempted to confer any such authority upon such officials. As to non-licensed premises it is provided by said ch. 441 (sec. 5), as an amendment to sec. 4840, Stats., that a search warrant may be issued to search for and seize any liquor unlawfully possessed or property designed for the unlawful manufacture of liquor, etc. No reason is perceived why the legislature, as a condition for granting permission to conduct a business which it may prohibit, may not require the licensee to submit his premises to an inspection by the lawful authorities without the issuance of a search warrant. By receiving the license and acting thereunder he consents to all the regulations prescribed by the law authorizing the issuance of the license. In this case the law was the defendants' authority to inspect plaintiff's premises, by virtue of which law the plaintiff had impliedly given his consent to such inspection.

It is contended that the power to "inspect" did not authorize the defendants to force an entry to the drawer. It may be that the ordinary import of the term "inspect" does not comprehend the breaking of locks. It was inserted in this statute for the purpose of authorizing the prohibition

commissioner and his deputies, acting in good faith, to make such investigations as may be necessary to discover the presence of contraband liquor upon the premises. If the licensee could prevent an effective inspection by the simple expedient of keeping his contraband liquor under lock and key, the enforcement of the law would be seriously frustrated. The authority conferred upon the defendants in their official capacity by the statutory provision under consideration amply authorized them to secure access to the drawer in which the bottle of whisky was hidden, in the manner alleged. The answer states a good defense and the demurrer should have been overruled.

*By the Court.*—Order reversed, and cause remanded with instructions to overrule the demurrer.

Eschweiler, J., dissents.

The respondent moved for a rehearing.

In support of the motion there was a brief signed by *Irving A. Fish* and *W. B. Rubin,* both of Milwaukee, of counsel.

The motion was denied, without costs, on July 8, 1922.