ALBY, Appellant, vs. SMITH, State Prohibition Commissioner, Respondent.

*June 8—July 18, 1922.*

*Intoxicating liquors: Regulation of sale of non-intoxicants: Standing bars: Prohibition: Purpose: Reasonableness of regulation.*

1. The legislature has the power to regulate the sale of non-intoxicating liquors for the purpose of rendering effective legislation prohibiting the sale of intoxicating liquors.
2. Under sub. (30), sec. 1543, Stats. 1921, prohibiting the maintenance in a place for the sale of non-intoxicating liquors of a standing bar or counter at which drinks are consumed, or of any stall, booth, or other inclosure, and requiring the windows and doors of the place to be unobstructed, the maintenance of such a bar or counter is prohibited regardless of whether it forms an obstruction to the view.
3. The statute may have been intended to suppress an established custom and practice of the old-time saloon, or to prevent successful concealment of the mixing of drinks behind the bar, and it was not arbitrary or ridiculous as a regulation of the sale of non-intoxicating liquors for the purpose of enforcing the prohibition of the sale of intoxicating liquors.
   ESCHWEILER and ROSENBERRY, JJ., dissent.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

This action was brought by the appellant to restrain the respondent, as state prohibition commissioner, from instituting criminal proceedings against him for alleged violation of sec. 1543, Stats. (ch. 441, Laws 1921). Judgment was rendered dismissing the complaint, from which appellant appeals. The facts will sufficiently appear from the opinion.

For the appellant there was a brief signed by *Timlin & Dean* and *William H. Timlin,* all of Milwaukee, of counsel, and oral argument by *William H. Timlin* and *E. J. Koelzer* of Milwaukee.

For the respondent there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *J. F. Baker,* assistant attorney general.

Separate briefs were also filed by *Richmond, Jackman, Wilkie & Toebaas* and *Buell & Lucas,* all of Madison, as *amici curiæ,* and oral argument by *Ralph W. Jackman* and *Frank W. Lucas.*

OWEN, J. Sec. 1543, Stats. (ch. 441, Laws 1921), is a prohibition act enacted to effectuate the Eighteenth amendment to the federal constitution. It deals with all liquors "containing alcohol in any degree." It classifies such liquors as intoxicating and non-intoxicating. The term "intoxicating liquors" is declared to mean the same as in the national prohibition act. Non-intoxicating liquor is defined to include "all liquors, liquids or compounds, whether medicated, proprietary, patented, or not and by whatever name called, fit for use for beverage purposes, containing alcohol in any degree, not defined to be 'intoxicating liquors.' "

Prior to the adoption of the Eighteenth amendment plaintiff and appellant conducted a saloon at No. 1052 National avenue in the city of Milwaukee. At the time of the institution of this action he was engaged in the sale of

non-intoxicating liquor at said place pursuant to license under the provisions of sec. 1543, Stats. The old-time bar which constituted a part of the equipment of his premises during the time the same was devoted to saloon purposes has been retained by him, and at the time of the commencement of the action he was dispensing non-intoxicating drinks over said bar, and it was customary for his patrons to stand at said bar and consume the drinks that were served.

Sub. (30), sec. 1543, Stats., provides:

"No person having a license for the sale of non-intoxicating liquors to be sold for consumption upon the premises where sold, shall maintain a standing bar or counter of any description at which any such drinks or liquors are consumed, in the place or room covered by such license, and no stall, booth, or other inclosure of any kind in or connected with such place or room shall be maintained, and the windows and doors of any such place or room shall be unobstructed by screens, blinds, paint or other articles so that a clear and unobstructed view of the interior of said place or room from the outside may at all times be had. No such person shall have in his possession on or about said premises any intoxicating liquor. The commissioner, his deputies or any peace officer may inspect such premises at any reasonable time without warrant."

The complaint alleges that the defendant, as state prohibition commissioner, threatens to prosecute the appellant if he continues to maintain said bar in the manner alleged. It also alleges that the entire act is unconstitutional so far as it attempts to regulate the sale of non-intoxicating liquor, although that contention is not strenuously urged in this court.

The power of the state to prohibit traffic in non-intoxicating liquor in order to render effective legislation prohibiting the sale of intoxicating liquor has recently been declared by this court in *Silber v. Bloodgood*, 177 Wis. 608, 188 N. W. 84. The dominant purpose of the prohibition

act is to prohibit traffic in intoxicating liquor, and the reg-
ulatory provisions concerning the dealing in non-intoxicat-
ing liquor were enacted for the purpose of rendering effec-
tive the prohibitory features of the law. That this is
within legislative power is no longer open to debate. *Pen-
nell v. State,* 141 Wis. 35, 123 N. W. 115; *Purity E. & T.
Co. v. Lynch,* 226 U. S. 192, 33 Sup. Ct. 44; *Ruppert v.
Caffey,* 251 U. S. 264, 40 Sup. Ct. 241. No more need be
said concerning the constitutionality of the law as a whole.

The controversy here centers upon the validity and the
proper construction of sub. (30) of the act, above quoted,
and particularly the provision therein prohibiting "a stand-
ing bar or counter of any description at which any such
drinks or liquors are consumed, in the place or room cov-
ered by such license." Appellant contends that the purpose
of this provision is to prohibit a standing bar or counter
so situated as to obstruct the view of the interior of said
place or room from the outside, and that as his bar is placed
at right angles with the street it does not constitute such
an obstruction and hence its presence is not unlawful. An
analysis reveals three separate and distinct features of this
section: (1) there shall be no standing bar or counter of
any description at which any such drinks or liquors are
consumed, in the place or room covered by such license;
(2) there shall be no stall, booth, or other inclosure of
any kind in or connected with such place or room; and
(3) the windows and doors of any such place or room
shall be unobstructed by screens, blinds, paint, or other
articles so that a clear and unobstructed view of the in-
terior of said place or room from the outside may at all
times be had. As said by the trial court:

"It should be noted that the prohibition as to screens,
blinds, paint, or other articles that obstruct the view of the
interior of the place or room is by the express terms of the
law confined to those things which obstruct 'the windows
and doors of any such place or room.' A bar, counter, or

other article which is not so placed that it obstructs the view from the window or door to the interior of the place does not come within the prohibition of the law. If the view through windows and doors be unobstructed, the law is not violated if an article like a bar or counter is placed back in the room in such a way that it may obstruct the view to the rear of such bar, counter, or other article."

We cannot agree with the contention that a standing bar or counter at which drinks are consumed is prohibited by this section of the act only if so placed as to obstruct the view of the interior of the room. It prohibits the maintenance of a standing bar or counter at which drinks are consumed. In other words, it was the legislative purpose to prohibit the erstwhile rather distinctive saloon custom of standing at the bar and consuming drinks. Appellant contends that if this be the purpose it is an arbitrary, absurd, and ridiculous regulation having no relation to the dominant purpose of the act and is unreasonable and void. Without pausing to consider whether a court should declare unreasonable and void any regulation or condition attached to the prosecution of a business which the legislature may entirely prohibit, we must express our disagreement with appellant's contention in this respect. If the legislative purpose was to regulate merely the posture of the patrons while consuming their thirst-quenching libations, the appellant's attorney rather successfully convicts the legislature of ridiculous and absurd action. However, we have no idea that this was the legislative purpose. We must bear in mind that the function of this legislation was to firmly but considerately usher out the old-time saloon. It was known that many of these places would thenceforth be devoted to the sale of non-intoxicating liquors by the old proprietors; that for a time at least they would be patronized by their old-time customers, from whom would come constant importunities for intoxicating liquors, presenting strong temptation to violate the law prohibiting the

sale of such liquor. No doubt one of the purposes of the legislation was to suppress a custom and practice obtaining in the old-time saloon. Every one knows that the high-standing bar shields the action of the bar-tender who stands behind the bar, making it entirely possible for him to introduce intoxicants into so-called soft drinks. While it probably would have more effectually prevented this practice by requiring the removal of the bar altogether, the legislature, out of consideration for the proprietor, might well have refrained from compelling its entire removal if it could be used with profit and advantage to the proprietor for some other purpose. It might well have thought that the prevention of drinking *at* the bar would have a decided tendency to discontinue the preparation of drinks *behind* the bar. The mere fact of preventing drinking at the bar in and of itself requires a change in the method of serving patrons which in time might result in a voluntary abandonment on the part of the proprietor of making any use of the bar in connection with his business of dispensing non-intoxicating drinks. This might well have been in the mind of the legislature, and we cannot say that it is an absurd or ridiculous regulation or that it has no tendency to promote the dominant purpose of the legislation. Conceding that the legislature might have provided for the complete elimination of the bar, we certainly cannot say that a regulation discouraging the use to which the bar was formerly put is unreasonable because it does not go as far as the legislature might have gone in preventing the abuse which the presence of the bar promotes. We feel that the trial court took the proper view of the construction and validity of the statute in question and that judgment was properly rendered dismissing the complaint.

We are urged to pass upon numerous other matters not presented by the pleadings in this case. Evidence was taken to show that many brands of ginger ales, grape

juice, soda, soda water, etc., which are quite universally regarded as free from alcoholic content, do contain a small percentage of alcohol, and we are asked to say whether a small boy who vends pop in his mother's front yard, every lemonade stand at a country fair, or at the transient picnic, is required to take out a license. We are also asked to say whether the druggist who maintains a soda-water fountain must take out a license and abandon the soda-water counter, which is a concomitant of the soda-water fountain. These questions are not easily answered. It is difficult to exclude them from the express terms of the statute. On the other hand, it is difficult to conceive that the legislature had them in mind in enacting this legislation, the primary purpose of which was to prohibit the traffic in intoxicating liquors. We shall not attempt to answer these questions until we are squarely faced with them and until some one who has an interest in their solution is before the court. We content ourselves with deciding the question presented by the issues in this case, and as to this the judgment should be affirmed.

*By the Court.*—So ordered.

ROSENBERRY, J., dissents.

ESCHWEILER, J. (*dissenting*). Sub. (1) (m), sec. 1543, Stats., reads:

"The words 'non-intoxicating liquor' includes all liquors, liquids or compounds, whether medicated, proprietary, patented, or not and by whatever name called, fit for use for beverage purposes, containing *alcohol in any degree,* not defined to be 'intoxicating liquors.' "

The evidence shows that fruit juices, soda waters, ginger ales, root beers, and ciders as they are now being sold do contain alcohol in appreciable proportions. Some of such—for instance loganberry juice—has 0.47 per cent., just below the line of 0.5 per cent. of alcohol

fixed for the division between intoxicating and non-intoxicating liquors, and many of such having a greater alcoholic content than the so-called near-beers. The legislature cannot be presumed to have intended to exclude any of such commonly sold beverages from the general class of non-intoxicating liquors as above defined, except cider. Preserved sweet cider is expressly excepted by sub. (5) (a) 6 of said sec. 1543, Stats. Its alcoholic possibilities must have been recognized by the legislature or there would have been no need of an exception. In Maine, with a much longer experience with both prohibition and cider than this state has had, cider, though unfermented and non-intoxicating when offered for sale, is nevertheless taboo. *State v. Frederickson*, 101 Me. 37, 63 Atl. 535, 6 L. R. A. N. s. 186. The same subject has presented difficulty in construction in Michigan. *People v. Engle* (Mich.) 186 N. W. 520. The specific exclusion of cider in the statute is the inclusion of the other similar beverages.

If all such beverages are within the statutes, then clearly no person can lawfully sell them for consumption on the selling premises without having first obtained the license provided for by sub. (29) (a) of sec. 1543, Stats.

The counter in the drug store, or any other place where such soda waters, pop, ginger ales, root beers, grape juices, or similar alcoholic beverages are sold to be there consumed, are reasonably, fairly, and logically within the condemnation of sub. (30), sec. 1543, Stats., of a standing bar *or counter of any description* at which any such (non-intoxicating) drinks or liquors are consumed, and as much so as is the article of furniture condemned by the majority opinion. The phrase is as broad as it well could be made; it contains no limitations or conditions as to shape, size, height, age, or previous condition of servitude, and I see no warrant for inserting, by judicial decree, any of such limitations into the plain letter of the statute.

The legislature, carefully mindful of the possibility of difficulties of construction of the statute, provided by sub. (33) (b) of said sec. 1543 that the provisions of the act are separable and that the holding of one to be unconstitutional shall not affect the remainder. By the same sub. (33) it is declared that the statute should be liberally construed to the end that the use of intoxicating liquors be prevented. Its purpose is not to prevent the use of nonintoxicating liquors. It has the power to do so (see cases cited in majority opinion, to which might be added *Crane v. Campbell*, 245 U. S. 304, 38 Sup. Ct. 98), but has not done so.

Considering all these things, therefore, I can see no reasonable hypothesis upon which to predicate a conclusion that the mere matter of the consumer's posture when consuming legalized liquors can have any causal or even casual connection with the direct aim and ultimate end of the act, so that it could be said in reason that a consumption by a consumer when sitting at the counter or when standing but just outside of the touching zone leaves the seller still a law-abiding citizen and who may continue his business, but a consumption while standing at the same counter makes the seller now a malefactor and liable to forfeit his license. Furthermore, the consideration of the evident impossibility of enforcing such a regulation at the countless stands where frisking childhood and sportive youth jostle and crowd for the succulent soda or purling pop, together with the provision found in the same chapter in sub. (2) (g), sec. 1543, that wilful neglect or refusal of the commissioner or other designated officer to make complaint for known violation of such chapter shall subject him to removal from office, should call a halt before adopting a view with such a vista.

I think the judgment should be reversed.