PELKOWSKI, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 16—March 11, 1924.*

*Intoxicating liquors: License for sale of non-intoxicants: Constitutionality: Search of licensed premises: Criminal law.*

1. Sub. (29), sec. 165.01, Stats. 1923, requiring a license to sell non-intoxicating liquors, is constitutional. p. 323.
2. Under said sub. (29) the prohibition officers could, without a search warrant, make an inspection and seize liquor on premises licensed for the sale of non-intoxicating liquors. p. 323.
3. The possession of intoxicating liquor on premises licensed for the sale of non-intoxicating liquor under sub. (29) is a violation of the Severson law. p. 323.

ERROR to review a judgment of the circuit court for Milwaukee county: S. E. SMALLEY, Judge. *Affirmed.*

Plaintiff in error, hereinafter called the defendant, being a licensee to sell non-intoxicating liquors under the provisions of sub. (29), sec. 165.01, Stats. 1923, was convicted in the lower court of a violation of the Severson law, for having liquor upon the licensed premises containing more than one half of one per cent. of alcohol.

For the plaintiff in error the cause was submitted on the brief of *A. W. Richter* of Milwaukee, and for the defendant in error on that of the *Attorney General, George A. Shaughnessy,* district attorney of Milwaukee county, and *Eugene Wengert,* special assistant district attorney.

PER CURIAM. Defendant claims that the right to sell harmless intoxicating liquors is an inherent right both under

the state and the federal constitutions, and that therefore the licensing statute above referred to is unconstitutional. This contention has been adversely ruled against the defendant in *Pennell v. State,* 141 Wis. 35, 123 N. W. 115, and in *Purity E. & T. Co. v. Lynch,* 226 U. S. 192, 33 Sup. Ct. 44.

The liquor in question was seized by the prohibition officers when making an inspection of the licensed premises, and defendant claims that, inasmuch as the licensing statute is unconstitutional, he had a right to the possession of such liquor and that the same was not subject to seizure. We having held that the licensing statute is constitutional, the officers could make an inspection and seize the liquor, even without a search warrant. *Finsky v. State,* 176 Wis. 481, 187. N. W. 201.

The statute being constitutional, the possession of intoxicating liquor on the licensed premises becomes a clear violation of the Severson law, and the contention of the defendant's counsel that he has the right to the possession of such liquor cannot be sustained.

The judgment and sentence of the lower court is affirmed.