State v. Kollat, 190 Wis. 255.

State, Plaintiff, vs. Kollat, Defendant.

*April 10—May 11, 1926.*

*Intoxicating liquors: License to sell non-intoxicants: Consent to search of premises: No right to search person on warrant for premises.*

The consent of one licensed to sell non-intoxicating liquors under sub. (30a), sec. 165.01, Stats., to an inspection of his premises at any reasonable time without a warrant extends only to the premises and not to his person.

State v. Kollat, 190 Wis. 255.

REPORTED from the circuit court for Green Lake county: CHESTER A. FOWLER, Circuit Judge. *Question answered No.*

The defendant having been convicted of an offense against the prohibition act, and the trial court being doubtful concerning a point of law arising upon the trial, reports to this court the following question:

"May a sheriff, while searching for intoxicating liquor a place duly licensed for the sale of non-intoxicating beverages within his county, lawfully seize, without any search warrant for the search of any person, intoxicating liquor from within the clothing of the licensee of the place who is within the place and himself conducting it at the time of the search?"

For the plaintiff there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *James Murray,* district attorney of Fond du Lac county, and *Mr. Messerschmidt.*

For the defendant there was a brief by *Reilly & O'Brien* of Fond du Lac, and oral argument by *J. E. O'Brien.*

OWEN, J. The search or inspection was made under the provisions of sub. (30a), sec. 165.01, Stats., which provides: "The commissioner, his deputies or any peace officer may inspect the premises of any person having a license for the sale of non-intoxicating liquors at any reasonable time without warrant." The constitutionality of this provision was considered and sustained in *Finsky v. State,* 176 Wis. 481, 187 N. W. 201; and *Silber v. Bloodgood,* 177 Wis. 608, 188 N. W. 84. In those cases it was held that by applying for and receiving a license for the sale of non-intoxicating beverages the licensee consented to a search of his premises and thereby, in effect, waived his constitutional immunity from searches of the premises so licensed. The waiver, however, extended only to the premises. It did not extend to his person. As a search warrant authorizing the search

of "premises" does not authorize the search of "persons" (*State v. Wuest, ante,* p. 251, 208 N. W. 899), a consent to search the premises licensed does not carry with it consent to search the person of the licensee.

*By the Court.*—The question reported is answered "No."