CITY OF MILWAUKEE, Respondent, vs. KAUN, Appellant.

*February 9—March 10, 1931.*

104

For the appellant there was a brief by *Howard P. Haberla,* attorney, and *Willard A. Bowman* of counsel, both of Milwaukee, and oral argument by *Mr. Haberla.*

For the respondent there was a brief by *John M. Niven,* city attorney, and *Robert J. Gunnis,* assistant city attorney, and oral argument by *Mr. Gunnis* and *Mr. John E. Megna,* assistant city attorney.

FAIRCHILD, J.   Traffic in non-intoxicating liquors is subject to regulation.   *Alby v. Smith,* 178 Wis. 138, 189 N. W. 493.   The common council of the city of Milwaukee has authority to provide for the granting of licenses, to such persons as they deem proper, for the sale of non-intoxicating liquor, and they may look beyond the mere mercantile transaction to the results likely to follow in the wake of this traffic in deciding upon a basis for classification of persons engaging in this business.   Consideration is to be given to the opportunity for law violations and the tendency toward disorder.

The ordinance recognizes two classes, namely, those who sell non-intoxicating liquors to be consumed on the premises where sold and those who sell non-intoxicating liquors

not to be consumed on the premises where sold, and fixes the license fee for the first class at fifty dollars and for the second a fee of five dollars. It is in the first class the appellant falls, and he asks that the ordinance be held to be void because it unjustly discriminates between persons selling the same commodity. It is urged that ch. 129, Laws of 1929, pursuant to which the council acted, is for the purpose of licensing the sale of non-intoxicating liquors as a tax in a lawful occupation and not for regulation.

The police power may be exercised for the regulation of an occupation for the purpose of law enforcement, securing the public health, safety, and welfare. The cases of *Alby v. Smith, supra,* and *Silber v. Bloodgood,* 177 Wis. 608, 188 N. W. 84, indicate the scope and effectiveness of regulatory enactments of this character. The recent legislation, as far as it affects the power of the city with respect to regulation, brought about no change and was in effect a continuation of existing powers. *E. L. Husting Co. v. Milwaukee,* 200 Wis. 434, 228 N. W. 502; *Hack v. Mineral Point,* 203 Wis. 215, 233 N. W. 82.

It is generally understood that a proper basis for classification existing and natural and reasonable grounds therefor appearing, legislation recognizing the distinction and affecting all within the class equally does not offend against the constitutional regulations protecting individual rights.

As the ordinance is for the purpose of regulating a business which is subject to regulation, the limitations are a matter of discretion and policy. *Maercker v. Milwaukee,* 151 Wis. 324, 139 N. W. 199. The classification being legitimate and proper and all in the same class being treated alike, the ordinance is not discriminatory.

*By the Court.*—Judgment affirmed.