PERA, Appellant, vs. VILLAGE OF SHOREWOOD, Respondent.

*January 13—February 7, 1922.*

*Constitutional law: Filing claim under statute: Right to attack statute as invalid: Ordinance creating residential and business districts in villages: Damages to property owners.*

1. Where a village was divided into business and residential districts by ordinance passed pursuant to sec. 61.35, Stats., and a property owner, under the provisions of the statute,

filed a claim for damages because his property was placed
in the residential district and he was prevented from using it
in carrying on most kinds of business, he may not attack
the validity of the statute, although in his claim he stated
that he submitted it without prejudice to contest the validity
of the ordinance.

2. In an action for damages to plaintiff's property from being
placed in the residential district, under sub. (4) of said sec.
61.35 (declaring that the issue on appeal to the circuit court
from the decision of the village board shall be the loss or
damage sustained by the appellant), the validity of the statute
may not be attacked on appeal, as the only question to be
litigated under the terms of the statute is the amount of
damages sustained by the property owner.

APPEAL from an order of the circuit court for Milwau-
kee county: LAWRENCE W. HALSEY, Circuit Judge. *Re-
versed.*

The village of Shorewood, located in Milwaukee county,
passed an ordinance pursuant to sec. 61.35, Stats. 1919,
dividing it into residence and business districts. Plaintiff
owned property located on one of the principal business
streets of the village and less than a block from present
business buildings. By the provisions of the ordinance his
property was left in a residence district where business of
practically all kinds was prohibited. Pursuant to sub. (4)
of the statute mentioned he filed a claim for damages with
the village clerk which was wholly disallowed. From such
disallowance he appealed to the circuit court for Milwau-
kee county as provided for in said sub. (4). Upon the
appeal pleadings were filed in the circuit court. The an-
swer set up the ordinance passed pursuant to the statute;
alleged that sub. (2) and (4) of the statute were unconsti-
tutional, contrary to public policy, illegal class legislation,
and void. Sub. (2) of the statutory section relates to the
use of injunctional orders to enforce the regulations of the
ordinance and sub. (4) to the filing of claims by property
owners for damages and for an appeal to the circuit court
from a disallowance in whole or in part of such claims.
The plaintiff demurred to the answer on the ground that

it did not state a defense. The court overruled the demurrer and further held that the village was not liable for damages occasioned by the enactment of the zoning ordinance because there was no taking of private property for public purposes. From such order and ruling the plaintiff appealed.

For the appellant there was a brief by *Rix & Barney,* attorneys, and *David A. Sondel,* of counsel, all of Milwaukee, and oral argument by *Mr. Sondel* and *Mr. Carl B. Rix.*

*Charles E. Hammersley* of Milwaukee, village attorney, for the respondent.

A brief was also filed signed by *Fish, Marshutz & Hoffman* as *amici curiæ* and *I. A. Fish,* of counsel, all of Milwaukee, and a separate brief by *John M. Niven* and *C. W. Babcock,* both of Milwaukee, as *amici curiæ,* and oral argument by *Mr. Babcock.*

VINJE, J. The only question raised by the plaintiff on his appeal is the constitutionality of sec. 61.35, Stats., delegating the power to the village to pass an ordinance dividing the village into districts. He claims it is unconstitutional for various reasons. Upon the state of the record and the statute referred to we cannot pass upon the question raised. When plaintiff filed his claim with the village for compensation for damages caused by the districting of the village he asserted the validity of the ordinance, though the claim as filed contained this statement:

"This claim is submitted and filed without prejudice to any of the rights and privileges of the claimant to contest the validity of said ordinance."

This reservation may well preserve the right of the plaintiff to contest the validity of the ordinance in a proper proceeding, but it cannot have that effect in the proceeding now before us. As stated, the filing of the claim asserted the validity of the ordinance and the statute under which it

was passed, otherwise the plaintiff could not contend that his claim had any validity.   When he took his appeal to the circuit court from its disallowance by the village he did so as an aggrieved party, again asserting by his acts the validity of the ordinance.   So he came into court relying upon the ordinance as the valid basis for his claim.   Having instituted his action upon the sole basis of the validity of the ordinance, he cannot now seek to maintain it by asserting the invalidity of that which enabled him to come into court. This case is parallel with that of *Hurley v. Commission of Fisheries* (U. S.) 42 Sup. Ct. 83, decided by the supreme court of the United States December 5, 1921, where it was held that a plaintiff could not claim under a statute and assail it in the same proceeding.   To do so would enable parties to make use of a statute as a valid one during one stage of an action, and then, upon a certain point therein being reached, continue it upon the basis that it is invalid because from thence on it seems to be more advantageous to claim its invalidity.   This is a species of legal somersault or suicide that courts will not tolerate.   Parties cannot pursue two inconsistent remedies in the same action.   9 Ruling Case Law, 958.

There is another reason why the constitutional question should not now be decided, though it may not be so conclusive.   Such reason is that the statute providing for an appeal to the circuit court (sub. (4), sec. 61.35) declares that the issue upon such appeal shall be the loss or damage sustained by the appellant, and that such issue shall be tried without further pleadings.   The legislative thought was that the appeal should bring up only the issue of damages; and, this being strictly a statutory proceeding, the issue can neither be enlarged nor diminished by new pleadings, as was sought to be done here.   The trial court should have limited itself to the question of damages only, and should not have passed upon the constitutionality of the ordinance. In this proceeding the ordinance must be presumed to be valid.

The trial court further held that the village was not liable for any damages because there was no taking of private property for public use.   Since the constitutionality of the statute or ordinance may properly come before us in another proceeding we shall content ourselves now by merely indicating that such holding was erroneous and that plaintiff is entitled to have such damage assessed as he may be able to prove.   The facts before us show a *prima facie* case for damages.   Whether there is a taking under the police power or under the power of eminent domain we do not decide.   Such questions had best be left undecided till the constitutionality of the statute or ordinance comes up for decision.    Plaintiff may not desire to prosecute his appeal in the circuit court, in which case he can dismiss it.   We must presume, however, that he still desires to prosecute the remedy he invoked and relied upon when he began the proceedings, namely, to enforce his claim for damages.

*By the Court.*—Order reversed, and cause remanded with directions to proceed to ascertain and assess plaintiff's damages.