STATE EX REL. CARTER, Appellant, vs. ROSENTHAL and others, Respondents.

*November 8, 1922—January 9, 1923.*

*Municipal corporations: Zoning ordinances: Board of appeals: Statutes: Enactment: Amendment offered before passage of principal act: Effect: Implied repeal of act: Certiorari: Board having no legal existence.*

1. Ch. 557, Laws 1921, establishing a board of appeals in cities with power to review orders of the building inspector, was repealed by sec. 104, ch. 590, Laws 1921, authorizing the common council to establish such board by resolution.
2. After the publication of said ch. 590, Laws 1921, there was no board of appeals in existence for the hearing of appeals from the building inspector in the city of Milwaukee until the common council adopted a resolution establishing such board, though a board had previously been appointed by the mayor under ch. 557, Laws 1921.
3. Ch. 590, Laws 1921, in so far as it assumed to amend the provisions of ch. 557, superseded all matter in conflict therewith in said ch. 557, though introduced before it had been approved or published.
4. Even assuming that the legislature could not amend the provisions of an act until after its publication, ch. 590, Laws 1921, may be treated as legislation independent of ch. 557, which it purports to amend, and repeals the earlier legislation by implication.
5. Where the board of appeals had been abolished by the repeal of ch. 557, Laws 1921, a writ of *certiorari,* issued out of the circuit court to such pretended board, brought no judicial controversy before the court.
[6. The constitutionality of the so-called zoning ordinances not passed upon.]

APPEAL from a judgment of the circuit court for Milwaukee county: JAMES WICKHAM, Judge. *Affirmed.*

For the appellant there were briefs by *Gugel & Greenthal* of Milwaukee, and oral argument by *F. H. Gugel.*

For the respondents there was a brief by *John M. Niven,* city attorney of the city of Milwaukee, and *Charles W. Babcock,* assistant city attorney, and oral argument by *Mr. Babcock.*

OWEN, J.    Petitioner made application to the building inspector of the city of Milwaukee for a permit to make certain additions to and enlargements of a building owned by him and located in said city, which building is devoted to the purposes of a dairy products plant.    The building inspector denied the permit for the reason that a so-called zoning ordinance in the city of Milwaukee, passed by the common council pursuant to the provisions of sub. (5) and (6) of sec. 62.23, Stats., prohibits any enlargements of the building.    Petitioner, claiming the zoning ordinance to be unconstitutional, appealed from the decision of the building inspector to a pretended board of appeals, by whom the decision of the building inspector was sustained.    He then sued out a writ of *certiorari* in the circuit court for Milwaukee county, addressed to said board of appeals, for the purpose of reviewing its action in the premises.    The board of appeals made return to the writ, from which it appears that the board sustained the action of the building inspector because it considered the proposed alteration of the building to be in contravention of the said so-called zoning ordinance.    The lower court disposed of the case on the theory that the relator, having taken this appeal from the refusal of the building inspector to grant the permit, to the board of appeals, a body comprehended within the legislative plan authorizing cities to adopt zoning ordinances, waived his right to contest the constitutionality of the law, upon the authority of *Pera v. Shorewood,* 176 Wis. 261, 186 N. W. 623, and judgment was rendered quashing the writ.

We regret that we are unable to consider the merits involved in this controversy.    We have concluded that the court has no jurisdiction of the proceeding for the reason that the so-called board of appeals to whom the writ of *certiorari* was addressed had no legal existence at the time of the issuance or service of the writ.

Sub. (5) and (6) of sec. 62.23, Stats., confer upon cities

power to establish building zones. These provisions were created by ch. 404 of the Laws of 1917. By ch. 557, Laws 1921, a board of appeals, consisting of five members to be appointed by the mayor, was established with power to hear and determine appeals from, and to review any order, decision, or determination made by, any administrative official charged with the enforcement of any ordinance adopted pursuant to the then secs. 959—17a to 959—17p, inclusive, of the Statutes, which appear in the present statutes as sub. (1) to (7) of sec. 62.23. This includes the power to review the action of the building inspector in refusing relator's application for the permit to remodel his building. This act operated to create the board of appeals in the city of Milwaukee. It was published July 19, 1921. On July 30, 1921, the mayor appointed a board of appeals pursuant thereto. By sec. 104 of ch. 590, Laws 1921, published August 9, 1921, the provision of ch. 557, Laws 1921, creating the board of appeals was revised to read:

"The council may by resolution establish a board of appeals to consist of five members appointed by the mayor for terms of three years without compensation, one of whom shall be an architect or structural engineer of not less than ten years' practical experience."

It will thus be seen that while the first act, ch. 557, published July 19th, created a board of appeals, which was appointed by the mayor July 30th, the latter act, ch. 590, published August 9th, revised the first act so as to authorize the common council to establish a board of appeals by resolution. The common council never adopted a resolution establishing a board of appeals. It is apparent that the two acts are in conflict and that the latter act repealed the former. After the publication of ch. 590 there was not a board of appeals in existence in the city of Milwaukee and could not be until the common council thereafter adopted a resolution establishing the same.

This result is sought to be obviated by the peculiar legislative history of these two laws. Ch. 557 was introduced in the legislature as bill 471 A. Ch. 590 was introduced in the legislature as bill 595 S. Bill 471 A was concurred in by both houses on June 1st. It was reported correctly enrolled July 12th, approved by the governor on July 14th, and published on July 19th. Bill 595 S was introduced June 29th, before bill 471 A became a law. It is contended that as bill 595 S, at the time it was introduced in the legislature, assumed to amend a law not in existence at the time it was so introduced, its passage was a mere nullity, because the legislature could not amend a statute which had no existence.

At the time bill 595 S was introduced bill 471 A had been concurred in by both houses of the legislature, and, while the approval of the governor and its publication was necessary before it became a law, we see no reason why the legislature could not assume the favorable action of the governor thereon and its ultimate publication, which latter proceeding was imperative and rested in the discretion of no one. If bill 471 A had not become a law, of course there would have been nothing for bill 595 S to operate on so far as it constituted an amendment of the provisions of bill 471 A. In such case, so far as it assumed to amend the provisions of bill 471 A, it would be futile legislation. However, when it finally did become a law it found bill 471 A enacted into ch. 557, and, as it was a later act than ch. 557, it must be taken as the last expression of the legislature on the subject, and it operated to supersede all matter in ch. 557 in conflict with the provisions of bill 595 S, which became ch. 590 of the Laws of 1921. It has been held that an amendment that is introduced prior to the approval of an act but passed subsequent to its publication is valid. *Mutual Ben. L. Ins. Co. v. Winne,* 20 Mont. 20, 49 Pac. 446; 1 Lewis' Sutherland, Stat. Constr. (2d ed.) p. 452.

In what has been said, the provision of ch. 590 under consideration has been dealt with as though it was a mere

amendment to ch. 557. Even though it should be held that the legislature could not assume to amend the provisions of ch. 557 until after publication thereof, still the provisions of ch. 590 so far as they deal with the subject matter of ch. 557 may be treated as independent legislation. If we discard that part of sec. 104 of ch. 590 which purports to amend ch. 557, we nevertheless find this legislative declaration: "The council may by resolution establish a board of appeals to consist of five members appointed by the mayor." Such legislative declaration, if made without any reference to prior legislation, would operate as a repeal by implication of any former legislation in conflict therewith.

The repeal of the act establishing the board of appeals abolished the office. The pretended board of appeals to which the writ herein was issued can point to no legal authority for its existence. Its acts amount to no more and are no more subject to review by a court pursuant to a writ of *certiorari* than are those of any other five citizens of the city of Milwaukee. The writ of *certiorari* issued out of the circuit court to this pretended board brought no juridical controversy before the court. There was nothing before the circuit court which it might judicially consider, and it follows that there is nothing before this court for our consideration. While the writ of *certiorari* was properly quashed, though upon erroneous grounds, the judgment should be affirmed.

We appreciate the fact that there is an increasing public interest in the constitutionality of so-called zoning ordinances, and we regret that we are unable to pass upon that very important question at this time. In view of the importance of the question involved, there will be a disposition here, and we trust in the lower court as well, to speed a determination thereof should relator see fit to test his rights in a proper action.

*By the Court.*—Judgment affirmed.