Booth Fisheries Company and another, Appellants, vs.
 Industrial Commission of Wisconsin and another,
 Respondents.

*October 18—November 11, 1924.*

*Workmen's compensation: Judicial review of award of industrial commission: Failure to provide independent judicial determination as to facts: Due process of law.*

1. The legislature may abolish the court-made defenses of assumption of risk, contributory negligence, and the fellow-servant doctrine in negligence cases; and the abolition of such defenses as to those employers who did not accept the provisions of the workmen's compensation act, while preserving them as to those who did, constitutes legitimate classification. *Borgnis v. Falk Co.* 147 Wis. 327. p. 133.

2. The fact that in the judicial review of awards by the industrial commission provided by law there is no independent judicial determination of facts does not constitute a deprivation of property without due process of law, as no one is deprived

of any constitutional rights unless he elects to accept the provisions of the workmen's compensation act, in which case property is taken only by acquiescence and consent, and the individual who accepts the law accepts it in its entirety, receiving its burdens as well as its benefits.    p. 133.

3. Constitutional rights, as well as any other personal or property right, may be waived.    p. 132.

4. One may not enjoy the benefits and privileges of a statute, and, after doing so, escape its burdens by asserting its unconstitutionality.    p. 132.

5. To enable one to attack a statute as unconstitutional it must be shown that the alleged unconstitutional features of the law injure him and so operate as to deprive him of rights protected by the constitution.    p. 133.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge.    *Affirmed.*

For the appellants there was a brief by *Freeman & Bendinger* of Milwaukee; attorneys, and *George A. Schneider* of Chicago, of counsel, and oral argument by *Mr. Schneider*.

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman* of Milwaukee, special counsel, and oral argument by *Mr. Gilman*.

For the respondent *McLaughlin* there was a brief by *Kittell, Jaseph, Young & Everson* of Green Bay.

OWEN, J.    This is an appeal by an employer and its insurance carrier from a judgment of the circuit court for Dane county affirming an award of the *Industrial Commission* made in favor of an employee.    The only question raised is the constitutionality of a portion of the workmen's compensation act.    To induce a better understanding of the exact question presented its statement should be prefaced by a recital of the general provisions of the workmen's compensation act.    To that end we quote from *Borgnis v. Falk Co.* 147 Wis. 327 (133 N. W. 209), at p. 346:

"It creates an administrative board to carry its provisions into effect; it divides all private employers of labor into

two classes: (1) those who elect to come under the law, and (2) those who do not so elect; it takes away the defenses of assumption of risk and negligence of a co-employee from the second class (except that where there are less than four co-employees the latter defense is not disturbed), but leaves both defenses intact to the first class; it prescribes the manner in which an employer may elect to come under its terms, and how an employee may make his election and when silence on the part of the employee will be considered an election, but it does not in terms compel either employer or employee to submit to its provisions. It then provides a comprehensive scheme by which, after both parties have so elected, any substantial injury, whether the result be fatal or not, received by the employee in the course of or incidental to his employment (except those caused by wilful misconduct) shall be compensated for by the employer according to certain definite rules, which rules are to be administered by the administrative board aforesaid by means of simple procedure definitely laid down, which gives to both parties fair notice and hearing, and results in findings and an award which may be filed in the circuit court and become a judgment. It further provides that the findings of fact shall be conclusive and the award subject to review only by action in the circuit court for Dane county, in which it can be set aside only (1) if the commission acted without or in excess of its powers; (2) if the award was procured by fraud, or (3) if the award is not supported by the findings of fact. It then provides that the judgment thus rendered shall be subject to appeal to the supreme court."

The provision of the law which appellants challenge as unconstitutional is that authorizing a judicial review of the awards of the *Industrial Commission* as provided in sec. 102.23, Stats. That section reads as follows:

"(1) The findings of fact made by the commission acting within its powers shall, in the absence of fraud, be conclusive; and the order or award, either interlocutory or final, whether judgment has been rendered thereon or not, shall be subject to review only in the manner and upon the grounds following: Within thirty days from the date of the

order or award, any party aggrieved thereby may commence, in the circuit court for Dane county, an action against the commission for the review of such order or award, in which action the adverse party shall also be made defendant. In such action a complaint, which shall state the grounds upon which a review is sought, shall be served with the summons. Service upon the secretary of the commission, or any member of the commission, shall be deemed completed service. The commission shall serve its answer within twenty days after the service of the complaint, and, within the like time, such adverse party shall, if he so desires, serve his answer to said complaint. With its answer, the commission shall make return to said court of all documents and papers on file in the matter, and of all testimony which may have been taken therein, and of its order, findings and award. Such return of the commission when filed in the office of the clerk of the circuit court shall, with the papers mentioned in section 2898 of the statutes, constitute a judgment roll in such action; and it shall not be necessary to settle a bill of exceptions in order to make such return part of the record of such court in such action. Said action may thereupon be brought on for hearing before said court upon such record by either party on ten days' notice to the other; subject, however, to the provisions of law for a change of the place of trial or the calling in of another judge. Upon such hearing, the court may confirm or set aside such order or award; and any judgment which may theretofore have been rendered thereon; but the same shall be set aside only upon the following grounds:

"(a) That the commission acted without or in excess of its powers.

"(b) That the order or award was procured by fraud.

"(c) That the findings of fact by the commission do not support the order or award.

"(2) Upon the trial of any such action the court shall disregard any irregularity or error of the commission unless it be made to affirmatively appear that the plaintiff was damaged thereby.

"(3) The record in any case shall be transmitted to the commission within twenty days after the order or judgment

Booth Fisheries Co. v. Industrial Comm. 185 Wis. 127.

of the court, unless appeal shall be taken from such order or judgment.

"(4) Whenever an award is made against the state the attorney general may bring an action for review thereof in the same manner and upon the same grounds as are provided by subsection (1) hereof."

It is settled by the decisions of this court that findings of fact made by the *Industrial Commission* cannot be disturbed if there is any evidence to support them. *Northwestern Iron Co. v. Industrial Comm.* 154 Wis. 97, 142 N. W. 271; *Milwaukee v. Industrial Comm.* 160 Wis. 238, 151 N. W. 247; *Milwaukee C. & G. Co. v. Industrial Comm.* 160 Wis. 247, 151 N. W. 245; *William Rahr Sons Co. v. Industrial Comm.* 166 Wis. 28, 163 N. W. 169.

It is contended that this provision for a judicial review, as so construed, does not amount to due process of law because it does not provide for an independent judicial determination of the facts as well as the law. Counsel for appellants rely principally upon *Ohio Valley W. Co. v. Ben Avon Borough,* 253 U. S. 287, 40 Sup. Ct. 527, which they say establishes the proposition that "If the original hearing is before a commission, and the evidence then taken, in any event there must be a fair 'opportunity for submitting that issue to a judicial tribunal for determination upon its own independent judgment as to both law and facts; otherwise the order is void because in conflict with the due process clause, Fourteenth Amendment.'" We shall not enter upon a discussion of the elements necessary to constitute due process of law in statutes providing for a judicial review of the determinations and orders of governmental administrative boards and commissions, for the reason that we do not consider that appellants are in position to raise that question.

A general assault was made on the constitutionality of the workmen's compensation act in *Borgnis v. Falk Co.* 147

Wis. 327, 133 N. W. 209.  The present contention was then disposed of in the following language, to be found on page 350:

"Passing to the consideration of the contentions made in the present case, we note *in limine* that this is not a compulsory law: no employer is compelled to pay damages to an employee without having had his day in court.  It is true that the argument is made that the law is practically coercive, but that argument is not regarded by us as sound, and will be taken up and treated later in this opinion.  We are therefore relieved from all consideration of the question whether a compulsory compensation act offends against those clauses of the state and federal constitutions which guarantee all citizens against the deprivation of property without due process of law."

Over a period of thirteen years, during which time every employer of consequence has accepted the provisions of the law, acted under it, and paid the compensation for injuries provided by it, this disposition by the court of the question here presented has apparently met with universal acquiescence.  Was the court in error in thus disposing of the question in *Borgnis v. Falk Co.* and have those who have accepted the act inadvertently submitted to a deprivation of their property without due process of law?  We think that a reference to a few fundamental principles will demonstrate that they have not.

It is well settled that constitutional rights, as well as any other personal or property right, may be waived.  *Oborn v. State,* 143 Wis. 249, 126 N. W. 737; *Finsky v. State,* 176 Wis. 481, 187 N. W. 201; *Silber v. Bloodgood,* 177 Wis. 608, 188 N. W. 84.  The only exception to this principle that we recall is the right of the defendant in a criminal case to waive a trial by jury.  *Oborn v. State,* 143 Wis. 249, 126 N. W. 737; *State v. Smith,* 184 Wis. 664, 200 N. W. 638.  Even this exception is against the weight of authority and difficult to justify as an original proposition. *State v. Smith, supra.*  It is also well settled that one may not enjoy

the benefits and privileges of a statute and, after so doing, escape its burdens by asserting its unconstitutionality. *Daniels v. Tearney,* 102 U. S. 415; *Grand Rapids & I. R. Co. v. Osborn,* 193 U. S. 17, 24 Sup. Ct. 310; *U. S. v. Thomas,* 195 U. S. 418, 25 Sup. Ct. 102; *Pera v. Shorewood,* 176 Wis. 261, 186 N. W. 623; 6 Ruling Case Law, 94. It is also a well recognized principle that in order to enable one to attack a statute as unconstitutional one must show that the alleged unconstitutional features of the law injure him and so operate as to deprive him of rights protected by the constitution. *Southern R. Co. v. King,* 217 U. S. 524, 30 Sup. Ct. 594; *Standard S. F. Co. v. Wright,* 225 U. S. 540, 32 Sup. Ct. 784; *Plymouth C. Co. v. Pennsylvania,* 232 U. S. 531, 34 Sup. Ct. 359.

The only feature of the workmen's compensation act which affects any individual by the mere force of its enactment is that provision which deprives employers of the defenses of assumption of risk and the negligence of a fellow-servant. That these court-made defenses may be abolished by the legislature we think has never been seriously questioned. At any rate, that the legislature has such power was distinctly held in *Borgnis v. Falk Co.* 147 Wis. 327, 133 N. W. 209. That the abolition of these defenses as to those who did not accept the provisions of the compensation act, while preserving them to those employers who did accept the provisions, constitutes legitimate classification, was also distinctly held in *Borgnis v. Falk Co., supra.* So that in so far as the workmen's compensation act has a mandatory effect, its constitutionality has been affirmed by this court. It deprives no one of any rights protected by the constitution, nor does it affect them in any manner whatever unless they elect to accept its provisions, and having elected to accept its provisions they are finally estopped from challenging its constitutionality upon both reason and authority. It does not take property without due process of law. It takes property only by acquiescence and consent

of the individual, as in the absence of the acceptance by the individual of the provisions of the law it affects him not at all.

The law presents an entire scheme for compensating industrial accidents, and he who accepts the law accepts it in its entirety. Along with its benefits he takes its burdens. In order to avail himself of the rates of compensation therein provided, he submits the determination of facts with reference to all disputes between employers and employees where compensation is claimed to the *Industrial Commission,* and waives any further judicial review than that provided for in the act itself. Until the appellant *Booth Fisheries Company* elected to come under the provisions of this act the law meant no more to it than that of a foreign jurisdiction. It was in no manner concerned with this provision for a judicial review of the findings of the *Industrial Commission.* Having voluntarily submitted itself to the provisions of the act, it must take them as the legislature enacted them, and it cannot be heard to challenge any part of the law.

*By the Court.*—Judgment affirmed.