DONOVAN, Guardian, Respondent, vs. THEO. OTJEN
COMPANY, Appellant.

*April 17—May 20, 1941.*

*William F. Double* of Milwaukee, for the appellant.
*Norton A. Torke* of Milwaukee, for the respondent.

FAIRCHILD, J.   Sec. 281.22 (4), Stats., to all intents and purposes so far as this case is concerned is similar to the law which was held unconstitutional in *Hanauer v. Republic Building Co.* 216 Wis. 49, 255 N. W. 136, 256 N. W. 784. According to the letter of that section it forbids the commencing of an action at law or in equity except for the foreclosure of a mortgage where the evidence of indebtedness is secured by a mortgage on real estate until the mortgage is foreclosed and the property incumbered or pledged has been sold and the sale thereof confirmed.   That section became effective September 19, 1935.   Ch. 482, Laws of 1935.   We do not consider the constitutionality of this section as applied to the action under consideration here, because a few days later (on September 26, ch. 506, Laws of 1935) the legislature enacted the present sec. 269.58, which provides for the commencement of an action upon an instrument such as the bonds here presented.   It reads in part:

"(2) No judgment in any action at law or equity shall be entered in any proceeding on an evidence of indebtedness secured by a mortgage on real estate where no action for the foreclosure of the mortgage has been commenced, except as hereinafter provided."

It goes on to provide that the plaintiff shall first apply to the court for entry of judgment; that a notice shall be served upon the record owner of the equity of redemption of the property securing the indebtedness; and that a hearing be

held on the application for judgment. Pending the hearing all proceedings shall be stayed. Upon the hearing "the court shall fully inquire in regard to and upon all the facts and circumstances of the case, and may direct that no judgment be entered upon the indebtedness secured by said mortgage without foreclosure of the mortgage until the expiration of a reasonable period after hearing not exceeding one year at a time." This is the section which controls this case. If appellant desires an extension of time under that statute, it is required to set forth in a verified petition its "economic condition, circumstances and earnings for the previous year." An extension of time might be granted upon the condition that the debtor pay, during the period of the desired extension, the taxes and insurance, or the taxes, insurance, and interest, in the discretion of the court.

Sec. 281.22 (4), Stats., at the time of this action had not been directly acted upon by the legislature since its passage, whereas sec. 269.58 had been extended in time of operation. The former sec. 269.58 of which sec. 281.22 (4) is in substance a copy was the statute declared unconstitutional in *Hanauer v. Republic Building Co., supra,* on the grounds, first, that no time limit was provided, and, second, that the only remedy provided the individual bondholder was unconditionally and indefinitely postponed without a proper compensatory remedy being given. As indicated, sec. 281.22 (4) is almost identical with the statute held unconstitutional except for two clauses added. The unconstitutional section was repealed by ch. 506, Laws of 1935, which created the new sec. 269.58.

Because sec. 269.58, Stats. 1935, became effective later than sec. 281.22 (4), Stats. 1935, it prevails over and supersedes the earlier in so far as they are repugnant and irreconcilable. *Jones v. Broadway Roller Rink Co.* 136 Wis. 595, 599, 118 N. W. 170; *State ex rel. M. A. Hanna Dock Co. v. Willcuts,* 143 Wis. 449, 453, 128 N. W. 97; *State ex rel.*

*Carter v. Rosenthal,* 179 Wis. 243, 245, 191 N. W. 562; 59 C. J. p. 910, § 514; Lewis' Sutherland Statutory Construction (2d ed.), p. 461, § 247; Crawford, Statutory Construction, p. 196, § 137.

Applied to this case, the above rule requires the conclusion that since the earlier statute does not allow an action on the obligation to be brought until the foreclosure judgment, sale and confirmation, it is *pro tanto* repugnant to sec. 269.58, Stats., which does allow such an action, and to that extent impliedly repealed. The latter section does allow an action to be brought but declares that no judgment can be entered where no foreclosure of the mortgage has been commenced, except after a notice, hearing, and a court order with reference to an extension of time as provided for in that section.

Although it does not affect the result in this case, it is interesting to note that the legislature has recently expressly repealed sec. 281.22, Stats., in ch. 31, Laws of 1941.

Since appellant has completely failed to meet the requirements of sec. 269.58, Stats., we conclude that its defense failed and that the lower court entered the proper judgment.

*By the Court.*—Judgment affirmed.