SCHUTT and another, Appellants, vs. CITY OF KENOSHA, Respondent.*

*November 8—December 5, 1950.*

* Motion for rehearing denied, with $25 costs, on February 6, 1951.

For the appellants there was a brief by *McGowan, Geffs, Geffs & Block* of Janesville, and oral argument by *Jacob Geffs.*

For the respondent there was a brief by *Robert V. Baker,* city attorney, and *Cavanagh, Mittelstaed, Sheldon & Heide* of Kenosha of counsel, and oral argument by *Mr. Baker* and *Mr. William A. Sheldon.*

FAIRCHILD, J.   The decision from which plaintiffs appeal holds that an applicant for permission to operate under an

ordinance such as this cannot accept the permit and simply "by reason of the language in the application for the permit in question" reserve at the same time the right to contest the constitutionality of the ordinance under which the permit is issued.

The learned trial judge was of the opinion that a party cannot pursue two inconsistent remedies in the same action, and, citing 9 R. C. L., Election of Remedies, p. 958, and other authorities, he ruled that the controlling question before him related solely to the right to contest the constitutionality of the ordinance after accepting its benefits, because of an attempted reservation of such right; and then that the "questions should be answered in the negative and that the motion of the defendant for summary judgment should be granted."

In this ruling the circuit court followed the precedents which have established the law applicable to this particular situation. One is not injured while acting under and having the advantage of the terms of the ordinance. Our authorities are to the effect that, although in a proper case a court may declare whether the legislative body, including a common council, has exceeded its constitutional powers in an enactment complained of, "it is a rule of universal application that no one but a person injured can question the constitutionality of a law." *Boyd v. State* (1935), 217 Wis. 149, 258 N. W. 330; *Appeal of Van Dyke* (1935), 217 Wis. 528, 259 N. W. 700; *Goodland v. Zimmerman* (1943), 243 Wis. 459, 466, 10 N. W. (2d) 180. In the *Goodland Case, supra,* it was said: "For these reasons the question of constitutionality sought to be raised by the pleadings is not presented in this case." It seems self-evident that a stipulation, however fair on its face, cannot overturn a policy so fixed by authority and precedent as is the rule which was followed by the court below.

Recognizing the fact that under the existing laws serious questions may arise where the issues are accompanied by substantial doubt, courts and authorities have endeavored to

afford reasonable relief when the questions are properly presented.

The trial court, in his memorandum decision, cited the case of *Pera v. Shorewood* (1922), 176 Wis. 261, 263, 186 N. W. 623, and quoted the following:

"This reservation may well preserve the right of the plaintiff to contest the validity of the ordinance in a proper proceeding, but it cannot have that effect in the proceeding now before us. As stated, the filing of the claim asserted the validity of the ordinance and the statute under which it was passed, otherwise the plaintiff could not contend that his claim had any validity. When he took his appeal to the circuit court from its disallowance by the village he did so as an aggrieved party, again asserting by his acts the validity of the ordinance. So he came into court relying upon the ordinance as the valid basis for his claim. Having instituted his action upon the sole basis of the validity of the ordinance, he cannot now seek to maintain it by asserting the invalidity of that which enabled him to come into court. This case is parallel with that of *Hurley v. Commission of Fisheries* (U. S.) 42 Sup. Ct. 83, decided by the supreme court of the United States December 5, 1921, where it was held that a plaintiff could not claim under a statute and assail it in the same proceeding. To do so would enable parties to make use of a statute as a valid one during one stage of action, and then, upon a certain point therein being reached, continue it upon the basis that it is invalid because from thence on it seems to be more advantageous to claim its invalidity. This is a species of legal somersault or suicide that courts will not tolerate."

See also *Booth Fisheries Co. v. Industrial Comm.* (1924), 185 Wis. 127, 200 N. W. 775; and *Fahey v. Mallonee* (1947), 332 U. S. 245, 67 Sup. Ct. 1552, 91 L. Ed. 2030, at page 255, where it is said by Mr. Justice JACKSON: "It is an elementary rule of constitutional law that one may not 'retain the benefits of the act while attacking the constitutionality of one of its important conditions.' "

*By the Court.*—Judgment affirmed.

HUGHES, J. (*dissenting*). I am of the opinion that the authorities cited in the majority opinion have no application to the factual situation which exists in the instant case.

*Booth Fisheries Co. v. Industrial Comm.* (1924), 185 Wis. 127, 200 N. W. 775, holds simply that an employer who had the right to operate outside or within the Workmen's Compensation Act and who elects to come under the provisions of the act must accept such act in its entirety.

In *Pera v. Shorewood* (1922), 176 Wis. 261, 263, 186 N. W. 623, the plaintiff sought to recover on a claim for damage to his property occasioned by districting under a village zoning ordinance. His claim was disallowed and he brought suit to recover under a section of the ordinance. In connection with that suit he also sought to challenge the validity of the ordinance. The court there said:

"The only question raised by the plaintiff on his appeal is the constitutionality of sec. 61.35, Stats., delegating the power to the village to pass an ordinance dividing the village into districts. He claims it is unconstitutional for various reasons. Upon the state of the record and the statute referred to we cannot pass upon the question raised. When plaintiff filed his claim with the village for compensation for damages caused by the districting of the village he asserted the validity of the ordinance, though the claim as filed contained this statement:

" 'This claim is submitted and filed without prejudice to any of the rights and privileges of the claimant to contest the validity of said ordinance.'

"This reservation may well preserve the right of the plaintiff to contest the validity of the ordinance in a proper proceeding, but it cannot have that effect in the proceeding now before us. As stated, the filing of the claim asserted the validity of the ordinance and the statute under which it was passed, otherwise the plaintiff could not contend that his claim had any validity. When he took his appeal to the circuit court from its disallowance by the village he did so as an aggrieved party, again asserting by his acts the validity

of the ordinance. So he came into court relying upon the ordinance as the valid basis for his claim. . . ."

The appellants in the instant case have a right to do business in Kenosha in the absence of any ordinance. They likewise have the right to concede that Kenosha may pass valid ordinances under the police power for protection of its citizens. It would also appear that they should have the right to comply conditionally during the pendency of litigation challenging the provision. This they attempted to do.

If the majority opinion is sound, then in the event that any city should by ordinance levy a confiscatory tax under the guise of expense of inspection and enforcement of a health measure, every established business operating within such city and affected thereby would have to cease business and suffer the consequential losses in order to test the validity of the ordinance.

The city, of course, had the right to refuse appellants a permit in the absence of complete compliance with the ordinance. The city did deny appellants' application once because of a reservation in the application of the right to contest the validity of the ordinance. Later, upon an application containing the identical reservation, the city entered into the stipulation for payment of the moneys into court and issued its permit. Appellants had a right to retain their funds, but were induced by the city's stipulation to pay into the hands of the clerk of court to abide the decision of the court. This is not a maneuver engaged in by one seeking to gain advantages under an ordinance while seeking to avoid its obligations. I can see nothing sly or contrary to public policy in the appellants' conduct.

If the assessments required by the ordinance are valid, appellants are willing to pay; if not, they expect the clerk of court to refund their money. Either way, they are entitled to do business in Kenosha, and have gained no unfair advantage by the terms of their stipulation with the city.

There is no reason why the appellants should not have a determination in this litigation of the validity of the ordinance questioned.

I am authorized to say that Mr. Justice MARTIN and Mr. Justice GEHL concur in this dissent.