ABDELLA, Respondent, vs. ABDELLA, Appellant.

*October 8—November 9, 1954.*

128

For the appellant there was a brief by *Graves & Chambers* of Wisconsin Rapids, and oral argument by *Lloyd L. Chambers.*

For the respondent there was a brief by *Genrich & Terwilliger,* attorneys, and *Emil A. Wakeen, Walter H. Piehler,* and *Neil M. Conway* of counsel, all of Wausau, and oral argument by *Herbert Terwilliger.*

BROADFOOT, J.   An issue not presented to the lower court is raised for the first time upon this appeal, and it is determinative of the case.  The 1945 statutes contained the following provisions:

"261.01   PLACE OF TRIAL.  Except as provided in section 220.12 and subject to the provisions for change of venue the proper place of trial of civil actions is as follows: . . .

"(3)   *Action affecting marriage.*  Of an action for the annulment or affirmance of a marriage or for a divorce, the county in which either party resides."

"261.02   PLACE OF TRIAL, GENERAL RULE.  The county designated in the complaint shall be the place of trial, unless the same be changed as provided in this chapter, except that every action named in subsection (1) of section 261.01 can be commenced only in the county in which the property or some part thereof is situated."

By ch. 227, Laws of 1947, sec. 261.02, Stats., was amended to read as follows:

"261.02   PLACE OF TRIAL, GENERAL RULE, EXCEPTIONS. The county designated in the complaint shall be the place of trial, unless the same be changed as provided in this chapter, except that every action named in section 261.01 (1) can be commenced only in the county in which the property or

some part thereof is situated and that every action named in section 261.01 (3) can be commenced only in the county in which either party resides in all cases in which the parties have minor children."

This chapter was approved on June 9th and published on June 11, 1947. At the same session of the legislature sec. 261.01 (3) was amended by ch. 383, Laws of 1947, to read as follows:

"(3)   *Action affecting marriage.*   Of an action for the annulment or affirmance of a marriage or for a divorce, the action must be commenced in the county in which either party resides."

This chapter was approved July 10th and published July 14, 1947. Each amendment became effective on the day after its publication.

The two amendments by the 1947 legislature, in so far as they refer to parties without minor children, as is the case before us, are repugnant and irreconcilable. Under those circumstances the later-enacted statute prevails over and supersedes the earlier one in so far as that is so. *Donovan v. Theo. Otjen Co.* 238 Wis. 47, 298 N. W. 168. Thus, since the effective date of the amendment to sec. 261.01 (3), Stats., all actions for the annulment or affirmance of a marriage or for a divorce must be commenced in the county in which one of the parties resides, subject to the statutory provisions for change of venue. Therefore, the county court of Lincoln county had no jurisdiction to entertain this action.

The defendant claims that, even though the court had no jurisdiction, it erred in vacating and setting aside the proceedings and says that under sec. 269.52, Stats., the court should have certified the action to the circuit court for Lincoln county. That court, however, would have no jurisdiction, as neither of the parties resided in Lincoln county. Even though we should concede that sec. 269.52 is applicable where the court in which an action is commenced is without jurisdiction

of the subject matter, which we do not decide, the order dismissing the action was not prejudicial because the statute was not called to the attention of the trial court. *Hicks v. Hardy,* 241 Wis. 11, 4 N. W. (2d) 150.

*By the Court.*—Order affirmed.