Town of Yorkville, Respondent, vs. Fonk and wife, Appellants.

*November 5—December 4, 1956.*

For the appellants there were briefs by *Lepp & Phillips* of Kenosha, and oral argument by *Burton Lepp* and *David L. Phillips*.

For the respondent there was a brief by *H. H. Brown* of Union Grove, attorney, and *Flynn, Greenquist & De Mark* of Racine of counsel, and oral argument by *Kenneth L. Greenquist*.

BROADFOOT, J. The trial court, in its memorandum decision, cited the following quotation from *Wendlandt v. Industrial Comm.* 256 Wis. 62, 65, 39 N. W. (2d) 854:

"There is no doubt that, as a general principle, one may not enjoy the benefits and privileges of a statute and, after so doing, escape its burdens by attacking its validity. *Gagnon v. Department of Agriculture & Markets* (1939), 232 Wis.

259, 286 N. W. 549. Manifestly, there is justice and reason in a rule which prevents one from accepting the advantageous terms of a statute while attempting to avoid as unconstitutional the unfavorable ones. But the doctrine is not extended to all the details of the law under which benefits have been taken. 11 Am. Jur., Constitutional Law, p. 770, sec. 123; 16·C. J. S., Constitutional Law, p. 186, sec. 89. Therefore, while one engaged in a 'regulated' business must comply with certain requirements in order to accept its benefits, this does not mean he is bound by statutory provisions fixing on him burdens which are far removed from the obligations growing out of his enterprise. Furthermore, the respondent does not seek to defeat the statute and at the same time retain an advantage by virtue of any of its provisions. His position is that he does not stand in the relation of employer to the appellant and that the effort of the legislature in that respect is misspent."

The general rule cited in the first sentence of said quotation is without doubt the rule in Wisconsin. It has been so held in many cases. However, there are exceptions to this general rule. One of those exceptions is stated in 16 C. J. S., Constitutional Law, p. 271, sec. 89, as follows:

"*Separate or independent provisions or statutes.* The fact that one would be estopped to challenge the constitutionality of a particular provision of a statute is no bar to such a challenge as to an independent and separable provision of the same act, or an amendment thereof, or a subsequent statute."

The *Wendlandt Case, supra,* is cited in the footnote as supporting the exception. In the quotation from the *Wendlandt Case,* it is stated that the general rule is not extended to *all the details of the law* under which benefits have been taken. In the case of *Gagnon v. Department of Agriculture & Markets,* 232 Wis. 259, 286 N. W. 549, cited therein, our court stated (p. 263):

"A person applying for a license under a statute cannot attack the constitutionality of the statute *as a whole*· in the

proceeding wherein he is demanding the license." (Emphasis supplied.)

The ordinance contained the following provision:

"It is the intention of the town board of the town of York-ville, in Racine county, Wisconsin, that each section, sub-section, paragraph, sentence, clause, phrase, and provision of the foregoing ordinance is, and the same hereby is declared to be, separable; and if any portion or provision thereof is duly determined to be invalid for any reason, such determination shall not invalidate any other portion or provision thereof."

Should the sentence limiting the number of trailers to be maintained in a trailer camp be held to be unconstitutional there would remain a comprehensive and workable ordinance. Many cases from other jurisdictions are cited in the footnotes to the subject in 16 C. J. S. above referred to. However, we believe the quoted language from the *Wendlandt* and *Gagnon Cases, supra,* is proof that our court has recognized this exception to the general rule and that a person who has applied for a license under an ordinance may attack a separate and severable provision thereof, particularly if he has received no benefits under that particular provision.

The trial court also mentioned the case of *Schutt v. Kenosha,* 258 Wis. 83, 44 N. W. (2d) 902, in which a bare majority of this court applied the general rule. In that case the exception above referred to was not considered. Thereafter, by ch. 20, Laws of 1951, the legislature amended sec. 269.56 (2), Stats., which refers to declaratory judgments, as follows:

". . . No party shall be denied the right to have declared the validity of any statute or municipal ordinance by virtue of the fact that he holds a license or permit under such statutes or ordinances."

Although this is not an action for a declaratory judgment, that enactment is a declaration by the legislature as a matter of public policy that the general rule announced in the *Wendlandt Case* should not be strictly followed in all cases.

It is our determination, therefore, that the defendants were not estopped from challenging the constitutionality of the one sentence of the ordinance. As the trial court did not pass upon the merits of the issues raised we deem it advisable to return the case to the trial court for such a determination. It would be extremely difficult to arrive at a fair determination of those issues upon the record as it now stands. There are issues of fact to be determined before passing upon the constitutional questions. Therefore, upon the return of the record, the trial court is directed to fix a date for trial and to permit each side to present any competent evidence relating to the issues.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings in accordance with this opinion.