WILL OF BOWMAN: WITEK, Appellant, vs. THE STATE and another, Respondents.

*November 8—December 3, 1957.*

For the appellant there was a brief by *Konnak & Constantine* of Racine, and oral argument by *Charles M. Constantine*.

For the respondents there was a brief by the *Attorney General* and *E. Weston Wood,* assistant attorney general, for the state of Wisconsin and the State Department of Veterans Affairs, and by *Edward J. Hart* of Waupaca, for G. H. Stordock, and oral argument by *Mr. Hart* and *Mr. Wood.*

CURRIE, J. The salient facts of this case are that the deceased died testate leaving no legal dependents surviving at a time when he was a resident of the Grand Army Home for Veterans. Sec. 45.37, Stats., sets forth the conditions pursuant to which eligible veterans are accepted into membership in such Home so as to entitle them to enjoy the facilities thereof. Sub. (3) (a) of such statute, as it appeared in the 1953 statutes, read as follows:

"If any member of the Home shall die without legal dependents, his real property shall descend and his personal property shall be distributed to the state of Wisconsin as sole heir for the sole use and benefit of the Home, and no will, previously or hereafter drawn, making a contrary disposal shall be valid. A wife or mother residing at the Home shall be included among and considered as a legal dependent for the purpose of this subsection."

Counsel for the appellant proponent contend that such statute is unconstitutional in that it abrogates inherent testamentary rights and creates arbitrary and unreasonable discrimination among persons of the same class. It is elementary that a court ordinarily will not pass upon the constitutionality of a statute in a situation in which the case before it may be decided upon another ground. In the instant case the appeal may be disposed of without the necessity of directly passing on the issue of constitutionality. This is because the decedent accepted the benefits conferred by sec. 45.37, Stats. 1953, and he, and those who claim through him under his will, are thereby precluded by waiver from questioning the constitutionality of sub. (3) (a) thereof.

In *Booth Fisheries Co. v. Industrial Comm.* (1924), 185 Wis. 127, 132, 133, 200 N. W. 775, Mr. Justice OWEN, speaking for the court, declared:

"It is well settled that constitutional rights, as well as any other personal or property right, may be waived. *Oborn v. State,* 143 Wis. 249, 126 N. W. 737; *Finsky v. State,* 176

Wis. 481, 187 N. W. 201; *Silber v. Bloodgood,* 177 Wis. 608, 188 N. W. 84. . . . It is also well settled that one may not enjoy the benefits and privileges of a statute and, after so doing, escape its burdens by asserting its unconstitutionality. *Daniels v. Tearney,* 102 U. S. 415; *Grand Rapids & I. R. Co. v. Osborn,* 193 U. S. 17, 24 Sup. Ct. 310; *U. S. v. Thomas,* 195 U. S. 418, 25 Sup. Ct. 102; *Pera v. Shorewood,* 176 Wis. 261, 186 N. W. 623; 6 Ruling Case Law, 94."

Recent cases applying the afore-quoted principle of waiver enunciated in the *Booth Fisheries Co. Case, supra,* are *Zweig v. Industrial Comm.* (1955), 269 Wis. 324, 69 N. W. (2d) 440, and *Speelmon Elevated Tank Service v. Industrial Comm.,* ante, p. 181, 85 N. W. (2d) 834.

Counsel for the appellant seek to avoid the application of the rule of the *Booth Fisheries Co. Case* by contending that the facts of the instant case bring it within the exception to such rule recognized by this court in *Wendlandt v. Industrial Comm.* (1949), 256 Wis. 62, 39 N. W. (2d) 854, and *Yorkville v. Fonk* (1956), 274 Wis. 153, 79 N. W. (2d) 666.

This court in the case of *Speelmon Elevated Tank Service v. Industrial Comm., supra,* held that the holding in the *Wendlandt Case* really provided no exception to the general rule that one, who accepts benefits under a statute, may not question its constitutionality. This is because the employer, who there raised the question of constitutionality, had not proceeded under the challenged statute in so far as the claimant employee was concerned.

In *Yorkville v. Fonk, supra,* the defendants had applied for a license to operate a trailer camp from the plaintiff town pursuant to a town ordinance which licensed such camps. When prosecuted for a violation of such ordinance, the defendants defended on the ground that the particular ordinance clause which had been violated was unconstitutional. The issue on appeal was whether the defendants, by applying for and securing the license under the ordinance, had thereby

waived any right to challenge the constitutionality of such ordinance. This court held that, because the ordinance contained a severability clause and the defendants had received no benefits under the clause attacked, there was no waiver.

In the instant case, sec. 45.37, Stats. 1953, contains no severability clause. However, we prefer not to distinguish the *Yorkville Case* on this narrow ground but rather on the ground that it involved a license. As Mr. Justice HOLMES pointed out in *Union Pacific R. R. Co. v. Public Service Comm.* (1918), 248 U. S. 67, 39 Sup. Ct. 24, 63 L. Ed. 131, there is an element of duress present, in a situation when a licensee challenges the constitutionality of the statute under which the license was granted to such licensee, that prevents the application of the doctrine of waiver. This is because the penalty for proceeding without a license may be greater than the burden imposed by the challenged portion of the licensing statute.

The distinction between cases involving licensing statutes, and the one before us on this appeal, is that in the former a person is prevented from doing what he otherwise would have a legal right to do until he procures a license. In other words, a licensing statute does not grant to the licensee any rights which he did not possess prior to the enactment of such statute. For example, but for the ordinance, the defendants in the *Yorkville Case* would have had the right to establish and operate a trailer camp containing whatever number of trailers they deemed advisable. However, in the absence of sec. 45.37, Stats. 1953, the decedent in the instant case possessed no right to become a member of the Grand Army Home for Veterans and enjoy its privileges.

It is, therefore, our considered judgment that the instant case is governed by the rule of the *Booth Fisheries Co. Case,* and not by the exception to that rule recognized in license cases such as *Yorkville v. Fonk.*

*By the Court.*—Judgment and order affirmed.