BOB LOVE V. THE STATE.

No. 16233.   Delivered February 7, 1934.
Rehearing Denied March 14, 1934.
Reported in 69 S. W. (2d) 142.

The opinion states the case.

*A. P. Caywood* and *Joe P. Cox,* both of Sherman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor; punishment being 2 years in the penitentiary.

Acting under authority of a search warrant officers were watching the house and premises of Roscoe Foster where appellant had a room. The officers remained on watch from 11:30 at night until about 6 o'clock the next morning, at which time a car was driven up to the house. When first seen the car was coming towards the house but was then being operated on the public streets of the city of Sherman. The officers ran to the car out of which appellant and Foster were getting. Appellant was seen to have something under his coat. He ran from the officers and threw two one-half gallons of whisky over the fence. The sheriff recovered the whisky at the point where he saw appellant throw it. The foregoing facts were testified to by the officers. Appellant denied that they had any whisky in the car or that he threw any over the fence.

Bill of exception No. 1 presents the following: The second paragraph of appellant's amended motion for new trial was predicated on the claim that he was deprived of counsel of his own choosing, and that he was not given an opportunity to confer with counsel appointed by the court to represent him. We learn from the evidence presented upon the hearing of the motion and from the qualification placed upon the bill by the learned trial judge the following facts: Appellant and Roscoe Foster were each indicted for transporting the liquor. They had retained as their attorney one Lapham who agreed to represent both of them for a stipulated fee. Appellant had paid only a small amount on his part. The case was set for trial for May 8th. The sheriff testified that appellant came into the sheriff's office several days before May 8th and that he told appellant his case was set for trial on that date. Appellant denied this. On the date mentioned, when appellant's case was called for trial, he failed to appear. His attorney was present in court. He knew of the setting of the case and advised the court that he had made an effort to find appellant and inform

him when the case was set but had been unable to locate him. Upon request counsel was permitted to withdraw from the case. Appellant's bond was forfeited. On May 9 he came into the courthouse and was taken into custody. At his request the court passed his case until May 10th at which time the court appointed an attorney to represent appellant. The attorney so appointed was a lawyer of experience who had for 8 years been an assistant prosecuting attorney. He was given time to confer with appellant both before the beginning of the trial and during the trial. He made no request for a further delay but announced ready. Every witness requested by appellant was produced in court save one character witness. The court certifies that the attorney appointed ably defended appellant. We discover no merit whatever in the complaint presented in bill of exception No. 1.

Appellant based his motion for new trial in part on claimed newly discovered evidence. Bill of exception No. 2 brings forward for review the court's action in overruling the motion. It was averred in the motion that appellant could show by Roscoe Foster and his wife, Mrs. Cora Foster, that appellant boarded and roomed at their house and had authority to use and occupy the premises. Appellant undertakes to support such claim by the affidavit of Roscoe Foster and his wife. This was in no sense newly discovered evidence. Roscoe Foster was under indictment for the same offense as was appellant, and the motion for new trial could not be supported by his affidavit. If appellant's claim be true, he of course knew of the facts set up in his motion for new trial in the respect mentioned and no effort was made to secure Mrs. Foster as a witness. Appellant's claim that his failure to advise his attorney appointed by the court of the facts was because the attorney retained by him had withdrawn from the case and that appellant had not been allowed sufficient time to explain the facts of his case to the attorney so appointed is not borne out by the evidence. The learned trial judge qualifies the bill by stating that the claimed newly discovered evidence would have been no defense to the charge of transporting intoxicating liquor. Under the facts the qualification states a correct proposition of law.

Bill of exception No. 3 sets out certain paragraphs of appellant's motion for new trial complaining that certain testimony was admitted on the trial. The bill then recites that the court overruled the motion for new trial to which ruling appellant excepted. It does not appear from the bill that any objection was interposed at the trial of the admission of the evidence complained of and the learned trial judge qualifies the bill by

stating that no such objection was made, and that no motion was made to exclude the testimony after it was admitted. The bill reflects an effort to have this court review the trial court's action in overruling a motion for new trial predicated in part on the admission of evidence not objected to at the time it was admitted, but complaint of which was for the first time urged in the motion for new trial.

Bills of exception 4 and 5 are in the same condition as bill No. 3. The situation presented is precisely like that found in Mier v. State, 120 Texas Crim. Rep., 397, 49 S. W. (2d) 757, in which it was expressly held that such a bill brings nothing forward for review.

It is observed that in pronouncing sentence there was a failure to give application of the indeterminate sentence law (Art. 775, C. C. P.). The sentence is reformed and appellant ordered to be confined in the penitentiary for not less than one nor more than two years.

*As thus reformed the judgment is affirmed.*