ANNIE LANGFORD v. THE STATE.

No. 17493. Delivered May 8, 1935.
Rehearing Denied May 29, 1935.

The opinion states the case.

*Jesse Owens,* of Vernon, and *Shields Heyser,* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for five years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed O. O. Tipton by shooting him with a gun.

The homicide occurred at the home of deceased on the 10th of September, 1934. The State's testimony was, in substance, as follows: Mrs. Lucy Price kept house for deceased. Appellant frequently spent the night with deceased. She slept in the same bed with him, while Mrs. Price slept in another room. On the occasion of these visits appellant, deceased and Mrs. Price generally drank intoxicating liquor. Deceased was in the habit of having sexual intercourse with appellant. On the night of the homicide Mrs. Price had retired to her room and appellant was in the room of deceased. The parties had been drinking, and appellant was apparently intoxicated. Deceased was lying in bed in his underclothes. Appellant was nude. She stood by the bed jerking deceased by his hand and telling him to get up. She said: "Damn it, Tip (referring to deceased) get up and let's go do it." Later, she secured deceased's pistol. Deceased said: "Give me the gun. Turn it loose." She replied: "I won't do it. I will kill you first, G— d— you." Mrs. Price heard two shots. Running into deceased's room, she found that he had been killed. Appellant came out of the room with a pistol in her hand.

Appellant testified, in substance, as follows: Prior to the homicide she had told Mrs. Price that she (appellant) was thinking about marrying deceased. Mrs. Price replied that if it were not for appellant she (Mrs. Price) could marry deceased. On the night of the homicide all of the parties present had been drinking. Mrs. Price and deceased had a quarrel which grew out of the fact that deceased had bought cigarettes for appellant. After appellant went to bed with deceased he asked her to marry him. She told him she was thinking about another man, as he (deceased) was too old for her. He replied that if

she did not marry him she would not marry anyone. She asked him to get up and get her a cigarette. At the time the conversation was had about the marriage Mrs. Price was where she could hear it. When deceased left the room to get her a cigarette Mrs. Price rushed in, got something from under a pillow and struck her on the head. She and Mrs. Price then engaged in a scuffle. Mrs. Price had a pistol in her hand. While they were scuffling over the pistol it was discharged. At that moment deceased entered the room with something in his hand. She thought both deceased and Mrs. Price were attacking her. After she secured the gun she threw it down and ran away from the house.

Appellant has not favored us with a brief. In oral argument before this court her counsel stressed the bills of exception relating to the argument of the district attorney.

It is shown in bill of exception 19 that counsel for the State, in argument to the jury, stated, in substance, that a witness had testified that after the homicide appellant had blood all over her, and that she said to the witness: "G— d— him (referring to deceased), he is in there. Go get him." Appellant objected on the ground that she was under arrest and on the further ground that the court had sustained her objection to the testimony to which the district attorney was referring. The bill of exception is qualified to the effect that the testimony showed that appellant was in the condition described by counsel for the State; that she was highly nervous, and that her statement was made less than ten minutes after deceased had been killed; and that said testimony was in the record and had been admitted as res gestae. As qualified, the bill manifests no error.

In bill of exception No. 27 it is shown that counsel for the State stated, in argument to the jury, that appellant killed deceased because he was unable to have sexual intercourse with her. The qualification shows that the district attorney was drawing proper inferences from the evidence. Counsel had the right to draw reasonable deductions from the testimony adduced on the trial. Branch's Annotated Texas Penal Code, sec. 370.

In bill of exception No. 21 it is shown that counsel for the State stated in argument that appellant had admitted that she was a prostitute. The court instructed the jury not to consider the remark of counsel. The jury had heard appellant admit that she had sexual intercourse with deceased. Under the circumstances, if it should be said that it was not shown that she was

a prostitute, we are unable to reach the conclusion that the bill of exceptions reflects reversible error.

In bill of exception No. 22 it is shown that counsel for the State, in argument, stated to the jury that in countries where death penalties were meted out there were not many homicides. If the statement should be held to be improper, we are unable to perceive how it could have injured appellant. The jury returned a verdict finding her guilty of murder without malice, and assessed the penalty at confinement in the penitentiary for five years.

The court gave appellant's requested charge on the law of self-defense. Several of appellant's requested instructions were submitted to the jury. The court also charged on the theory of accident. The main charge and the requested charges appear to have adequately submitted all of the issues raised by the evidence.

A careful examination of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

MORROW, P. J., absent.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In a motion for rehearing appellant complains because the trial court declined to give special charges numbers three, eight and ten.

The transcript reveals that all three of the special charges bear the endorsement that they were presented to the trial judge "and by him refused." No exception to such refusal is noted on the special charges themselves over the trial judge's signature, neither are there any formal bills of exception brought forward reserving exception to the refusal of such requested instructions. Before the denial of special requested charges may be reviewed by this court exception to such denial must be preserved in one of the ways suggested. Bland v. State, 92 Texas Crim. Rep., 636, 244 S. W., 1023; Linder v. State, 94 Texas Crim. Rep., 316, 250 S. W., 703; Benson v. State, 105 Texas Crim. Rep., 268, 287 S. W., 1097; Arnold v. State, 118 Texas Crim. Rep., 624, 39 S. W. (2d) 49.

The motion for rehearing is overruled.

*Overruled.*