### NICK PLAINOS V. THE STATE.

No. 18626.   Delivered December 16, 1936.
Rehearing Denied January 13, 1937.

The opinion states the case.

*H. J. Bernard* and *B. L. Palmer*, both of Houston, for appellant.

*King C. Haynie*, of Houston, for appellant on rehearing.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Conviction for a misdemeanor; punishment, a fine of $100.

The prosecution proceeded under subdivision (f), sec. 12, Art. II, Acts 1935, 44th Legislature, Second Called Session, chap. 467, which denounces as an offense the refusal to allow on demand the Texas Liquor Control Board or any representative of said board to make a full inspection of any place where beer is being stored, transported, manufactured or otherwise handled.

Appellant carried on the licensed business of selling malt and vinous liquors for consumption on the premises. According to the testimony of inspectors of the Liquor Control Board, appellant refused to allow them to inspect his said licensed premises.

Section 20, Art. XVI, of the Constitution of this State declares it to be the duty of the Legislature to define the term "open saloon" and enact laws prohibiting its operation. In the same section the Legislature is given the power to regulate the manufacture, sale, possession and transportation of intoxicating liquors. That the business of dealing in intoxicating liquor is subject to special regulation under the police power is made plain by the Constitution, as well as by the judicial precedents. See Ex parte Flake, 149 S. W., 146. No case has

been found which holds that a statute is unreasonable which requires one licensed to deal ·in such liquors to submit to an inspection of his licensed premises. The statute is designed to enable the State, through the duly constituted inspectors of the Liquor Control Board, to ascertain whether the licensee violates the terms and conditions under which his license was granted. In the absence of the power to make reasonable and proper inspections of the premises of the licensee, the object and purpose of the Liquor Control Act would be emasculated. A statute conferring such power is calculated to promote the object of Section 20, Article XVI, of the Constitution in substantial respects.

We are not in accord with appellant's contention that the testimony of the inspectors as to the finding of spirituous liquors on appellant's licensed premises should have been excluded on the ground that they possessed no search warrant. Appellant applied for and accepted his license subject to the requirement that he submit to inspections of his licensed premises by the duly authorized agents of the Liquor Control Board. Hence appellant was in the attitude of consenting to the search without the issuance of a search warrant. Silber v. Bloodgood, 188 N. W., 84; Safee v. City of Buffalo, 198 N. Y. S., 646. We quote from Westmoreland Brewing Company v. United States, 294 Fed. Rep., 740, as follows:

"Complaint is made that the revenue officers, who had no search warrant, had no right to examine and take samples of this unlawful beer. This contention is without weight. Some of the unlawful beer was already on the railroad car, and other barrels were on the platform, in process of being shipped. That a court, under whose permission a brewery was operating, could not receive as competent the testimony and samples thus taken by the prohibition officers, which evidenced a violation of the court's order, is a contention that we cannot accede to. The Constitution (Fourth Amendment) provides, not against any search, but against 'unreasonable searches and seizures.'"

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The record has been re-

viewed in the light of the apellant's motion for rehearing as well as the statutory provisions governing the subject in hand as they appear in the opinion ordering an affirmance of the judgment. Our re-examination of the matter leaves us of the opinion that the case was properly disposed of upon the original hearing. The motion for rehearing is therefore overruled.

*Overruled.*