## NICK PLAINOS V. THE STATE.

No. 18518.   Delivered January 27 1937.
Rehearing Denied March 10, 1937.

The opinion states the case.

*H. J. Bernard* and *B. L. Palmer,* both of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is operating an open saloon; the punishment, a fine of $100.

Appellant carried on the licensed business of selling malt and vinous liquors for consumption on the premises. According to the testimony of inspectors of the Liquor Control Board, they entered appellant's place of business on the 14th of January, 1936, and purchased from an employee of appellant a glass of whisky. At the time of the purchase they observed a glass of whisky behind the bar. They sought to inspect appellant's premises but were advised by appellant's employee that the room adjoining the bar was locked and that appellant had the key. Thereafter the inspectors made affidavit for a search warrant, which was duly issued and placed in the hands of a deputy constable for execution. The room adjoining the bar was opened and a large quantity of whisky, brandy and other intoxicating liquors found therein. Appellant did not testify and introduced no witnesses.

In view of the fact that the inspectors testified that they went to appellant's place of business for the purpose of purchasing whisky for use in evidence, appellant takes the position that they were accomplice witnesses whose testimony it was necessary to corroborate. He takes the further position that there is no authority in law for the issuance of a search warrant for the purpose of obtaining evidence in liquor cases. Hence, appellant says that the testimony touching the finding

of the whisky was inadmissible, and that such being the case, the testimony of the inspectors was uncorroborated.

It is unnecessary to decide whether the inspectors were accomplice witnesses. The trial was before the court without the intervention of a jury. The trial judge might have treated said inspectors as accomplice witnesses and found that the testimony was sufficient to corroborate them. In short, if the testimony touching the finding of a large quantity of whisky on the premises where appellant was selling beer was properly received in evidence, then the testimony of the inspectors was sufficiently corroborated. The deputy constable testified to the finding of said whisky. He was not present with the inspectors when they first entered appellant's place of business to buy whisky. In short, he had nothing to do with the first transaction hereinbefore referred to. Manifestly, he was not an accomplice witness. Hence, if the inspectors were accomplice witnesses, the testimony of said deputy constable sufficiently corroborated them.

It is unnecessary to determine whether a search warrant may be obtained for the purpose of searching for intoxicating liquor. We expressly held in Nick Plainos v. the State, Opinion No. 18626, delivered December 16, 1936 (131 Texas Crim. Rep., 516), that inspectors of the Liquor Control Board were authorized, without warrant, to make reasonable inspections of the licensed premises of those engaged in the business of storing, transporting, manufacturing, or otherwise handling beer.

The evidence is deemed sufficient.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant's contention that no authority existed for issuing the search warrant is supported by Greenway v. State, No. 18,780, decided February 3, 1937 (131 Texas Crim. Rep., 620), and a number of other cases, none of which are yet reported. However, we cannot agree with appellant's contention that the evidence of the deputy constable should not be considered in corroboration of the inspectors of the State Liquor Control Board. Under authority of Plainos v. State, 100 S. W. (2d)

367, said inspectors had authority to inspect the premises of appellant upon the acceptance by him of a license to conduct the business of selling malt and vinous liquor. As we understand the law, they had a right to make such inspection independent of any search warrant. The officer who was present derived his information while the inspectors were doing what they were legally entitled to do without the search warrant.

Appellant makes the further contention that the record shows the information to have been filed before the supporting complaint was made. In this respect the case is shown to be in precisely the same condition as that of Gremillion v. State, No. 18,627, opinion on rehearing January 27th, 1937 (131 Texas Crim. Rep., 583) in which the same contention is not sustained.

The motion for rehearing is overruled.

*Overruled.*