R. J. KELLEY v. THE STATE.

No. 19110. Delivered June 16, 1937.
Rehearing Denied November 3, 1937.

The opinion states the case.

*Anderson & Jones* and *Eugene F. Mathis,* all of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The conviction is for a misdemeanor, the punishment being assessed at a fine of $100.

Omitting the formal parts, the complaint reads as follows: "R. J. Kelley, being then and there authorized by law to sell malt liquor, to-wit, beer on the premises at 107 East Avenue K San Angelo, Texas, for consumption on said premises, and J. C. Lavaser, a person then and there acting as the agent and employee of the said R. J. Kelley, did then and there have in their possession at and near the said premises at 107 East Avenue K where said malt liquor was then and there being sold for consumption on said premises, liquor produced by the process of distillation, to-wit, whisky."

The information followed the complaint.

We think the complaint is sufficient to charge the offense.

Accompanied by Jack Collier, inspectors of the Liquor Control Board went to appellant's place of business at night. Collier entered the building where appellant was engaged in selling beer. The inspectors stationed themselves outside. They later observed J. C. Lavasser go to a cottage nearby. Entering the

cottage, he got a pint of whisky and returned to the back door of the beer tavern, where he delivered said whisky to Jack Collier, who was inside the tavern. Later the inspectors went to the cabin and found a quantity of whisky in it. They arrested Lavaser and were leaving with him when appellant appeared. Appellant said to them: "What are you taking the boy for?" They replied that they had found him in possession of whisky. Appellant then said: "He has nothing to do with it; he is only working for me." He asked the inspectors if they were going to leave a receipt for the whisky. They told him they did not know to whom to give the receipt, and appellant said: "You know where you got it, don't you?" The proof showed that appellant had a license to sell beer which was being sold on the premises.

Appellant presented two requested instructions, one on the law of principals and the other on circumstantial evidence. No separate bills of exception are brought forward complaining of the refusal to submit said instructions, and no exception was indorsed on said charges showing that an exception was taken to the refusal to submit them.

In view of the fact that appellant was lawfully engaged in the business of selling beer, the inspectors had the right to enter his place of business without a search warrant. Plainos v. State, 100 S. W. (2d) 367.

A careful examination of appellant's contentions leads us to the conclusion that error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Reservation of exception to overruling the motion for new trial which contained complaints of refusing special charges could not avail appellant in the absence of bills of exception complaining of the refusal of the charges or a notation on the charges over the trial judge's signature noting such exception. See Mier v. State, 120 Texas Crim. Rep., 397, 49 S. W. (2d) 757; Love v. State, 125 Texas Crim. Rep., 555, 69 S. W. (2d) 142.

Upon the necessity of bill of exception to preserve complaint of refusal of special charges, see Linder v. State, 94 Texas

Crim. Rep., 316, 250 S. W., 703; Langford v. State, 128 Texas Crim. Rep., 615, 82 S. W. (2d) 969, and cases therein cited.

The motion for rehearing is overruled.

*Overruled.*