**Cora Lee HINES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 35092.**

Court of Criminal Appeals of Texas.

Dec. 12, 1962.

James E. Faulkner, Coldsprings, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for the unlawful possession of whisky in a container to which no tax stamp showing payment of tax due

the state was affixed; the punishment, a fine of $200.

Appellant operated a place of business known as the "Blue Goose" and was licensed to sell beer on the premises. .

Thomas E. Powell, an inspector for the Texas Liquor Control Board, testified that on the date in question he went to appellant's place in company with two other officers for the purpose of checking the license and making an inspection of the premises; that in conducting the inspection he discovered five half-pint bottles of whisky commonly called "moonshine"; that one-half pint was in a small cabinet next to a refrigerator, one was in a kindling box in the kitchen behind the bar, one in a water can, and one in a cabinet in the kitchen, and one was handed to him by appellant, who took it from her bosom. The witness further testified that all the bottles of whisky contained unstamped whisky, none having a tax stamp showing the tax paid to the state.

Officer Powell's testimony relative to his going to the premises and finding the whisky was corroborated by that of Deputy Sheriff Jimmie Morrison, who accompanied him to the place on the occasion in question.

As a witness in her own behalf, appellant testified that the search by Inspector Powell was of her living quarters; that she asked him if he had a search warrant, to which inquiry he replied that he did not; and that she objected to the search. Appellant on her direct examination stated that she knew nothing about the liquor which was seized, but on cross-examination admitted that one of the bottles came out of her dress.

■ Appellant first contends that the officer's search of the premises without a search warrant was unlawful.

Art. 666–20, Vernon's Ann.P.C., of the Texas Liquor Control Act, which authorizes the issuance of search warrants for the purpose of seizing an alcoholic beverage possessed in violation of the act, provides:

"It is not intended by the provisions of this Section that a search warrant shall be required for any peace officer or any agent, representative, or inspector of the Board to search any premise covered by any permit or license under the provisions of this Act."

The search of appellant's place in the present case by Inspector Powell was of premises covered by her license to sell beer, and under the statute was authorized without a search warrant. Kelley v. State, 133 Tex.Cr.R. 180, 109 S.W.2d.482.

■ Appellant next insists that the evidence fails to show that the contents of the bottles seized by the officer constituted an alcoholic beverage containing more than one-half of one per cent of alcohol by volume, as alleged in the information.

The bottles seized on appellant's premises were referred to throughout the testimony as containing whisky. Inspector Powell testified that he opened the bottles, smelled of their contents, and that they contained whisky commonly called "moonshine."

This court may judicially know that whisky is an alcoholic beverage and contains in excess of one-half of one per cent of alcohol by volume. Art. 666–3a, V.A.P.C.; Parrack v. State, 154 Tex.Cr.R. 532, 228 S.W.2d 859; and Dixon v. State, 159 Tex. Cr.R. 258, 262 S.W.2d 488.

We do not agree with appellant that, because the whisky was referred to as "moonshine" and "bootleg" whisky, judicial notice may not be taken of its alcoholic content. Regardless of how it was referred to by the witness, it was still. described as whisky. In reaching such conclusion we are not unmindful of our prior holdings that the courts will not take judicial knowledge that "home brew" beer is an intoxicating liquor, because, as pointed out in Bell v. State, 142 Tex.Cr.R. 390, 154 S.W.2d 650, such is . not within the definition of beer in the Texas Liquor Control Act, Art. 667–1(b), V.A. P.C., which states that the term "beer": '

"*  *  * shall not be inclusive of any beverage designated by label or· otherwise by any other name than beer."

No such provision is found in Art. 666–3a, supra, of the Texas Liquor Control Act, which defines "Alcoholic Beverage," "Illicit Beverage," "Distilled Spirits," "Liquor," etc.

We find no merit in appellant's remaining contention that the court erred in failing to give application in his charge to the jury of the provisions of Art. 666–21, V.A.P.C., pertaining to taxes imposed on the first sale of liquor and affixing a tax stamp on each container.

Appellant was prosecuted under Art. 666–3a, supra, and Art. 666–17, V.A.P.C., for unlawfully possessing an alcoholic beverage in a container to which no tax stamp showing payment of the tax due the state was affixed, and the provisions of Art. 666–21 relative to a first sale had no application.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the court.