**William Dean WALTERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–87–00288–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 21, 1988.

Jim Skelton, Houston, for appellant.

John B. Holmes, Jr., Deborah Mantooth, Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

CANNON, Justice.

Appellant entered a plea of not guilty before the court to the offense of driving while intoxicated. TEX.REV.CIV.STAT.ANN. art. 67011-1(c) (Vernon Supp.1988). He was convicted and the court assessed punishment, enhanced under TEX.REV.CIV.STAT. ANN. art. 6701*l* –1(f), at sixty days confinement in county jail and a fine of $100, both probated for a period of two years. As a term and condition of his probation, appellant was ordered to serve thirty days of the sentence assessed by the court pursuant to TEX.CODE CRIM.PROC.ANN. art. 41.12, § 6b(1). We affirm.

On appeal, appellant raises a single point of error, contending there is insufficient evidence to support the finding that he had an open container of an alcoholic beverage in his immediate possession at the time the offense was committed. As a result, appellant argues, the condition of his probation that he serve thirty days of the sentence assessed is void.

The question presented by appellant is apparently one of first impression for the Texas courts. The open container enhancement provision, TEX.REV.CIV.STAT.ANN. art. 67011-1(f), became effective August 26, 1985. Acts 1985, 69th Leg., ch. 462, § 18, Tex.Sess.Law Serv. (Vernon). It appears to have only been previously interpreted by the Fort Worth Court of Appeals in *Scharborough v. State*, 732 S.W.2d 445 (Tex.App. —Fort Worth 1987, pet. ref'd). In that case, the court upheld the validity of the provision against a void-for-vagueness constitutional challenge. The type and amount of evidence necessary to prove the enhancement allegation appears not to have been previously determined.

Enhancement provisions contained in the driving while intoxicated statute are distinct from general enhancement statutes applying to other types of misdemeanor and felony offenses, thereby excluding other general enhancement schemes. *Guinn v. State*, 696 S.W.2d 436, 438 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd). However, there is no reason why the same logic and same standards should not apply here as in analogous situations.

In general, allegations for enhancement purposes are treated the same as allegations of the elements of a substantive offense. *See Plessinger v. State*, 536 S.W.2d 380 (Tex.Crim.App.1976). The existence of circumstances supporting application of an enhancement provision "is an essential fact issue upon which the state has the burden of proof in order to enhance the punishment." *Bullard v. Estelle*, 665 F.2d 1347, 1358 (5th Cir.1982). The allegations upon which enhancement is premised

must be proved beyond a reasonable doubt. *Ex parte Augusta,* 639 S.W.2d 481, 484 (Tex.Crim.App.1982).

On appeal, where sufficiency of the evidence is questioned, the standard of review is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Houston v. State,* 663 S.W.2d 455 (Tex.Crim.App.1984).

■ In the instant case, the essential elements necessary to be proved in order to mandate application of the enhancement provision contained in TEX.REV.CIV.STAT. ANN. art. 6701*l*–1(f) is whether, at the time of committing the offense of driving while intoxicated, the person operating the motor vehicle had an open container of an alcoholic beverage in his immediate possession. In his point of error, appellant does not challenge the sufficiency of the evidence to support his conviction. That, of course, also necessitates a finding that he was the person operating the motor vehicle. The only remaining questions center around the sufficiency of the proof that appellant had (1) an open container of (2) an alcoholic beverage (3) in his immediate possession at the time of his arrest.

A review of the evidence reveals uncontroverted testimony that appellant was alone in his vehicle at the time of his arrest. He was pulled over, with some difficulty, on a busy freeway, while it was raining. The arresting officers, for reasons of public safety, directed a wrecker driver to tow appellant's truck to a service station approximately 300 yards from the point of the original stop. The vehicle was inventoried after being towed. During the inventory, one of the officers discovered a cold, half-full Budweiser beer can lodged between the windshield and dashboard immediately in front of the steering wheel. There was substantial evidence that, at the time of the stop, appellant was intoxicated to the point of incoherence, and that he smelled strongly of an alcoholic beverage.

Appellant's main contentions seem to be that there is insufficient evidence that the open container found by the officer contained an alcoholic beverage or that it was shown sufficiently to have been in appellant's "immediate possession" at the time of his arrest. We will dispose of the latter assertion first.

There is uncontroverted testimony in the record that a half-full Budweiser beer can was found lodged between the windshield and the dashboard of appellant's truck, immediately in front of the steering wheel. Appellant questions the credibility of the testimony to that effect, skeptical that the truck could be moved a short distance and the beer can still be where the officers testified it was. The credibility of witnesses and the weight to be accorded their testimony is a matter left to the trier of fact. *Esquivel v. State,* 506 S.W.2d 613 (Tex.Crim.App.1974). The evidence in support of the finding that appellant had an open container of an alcoholic beverage in his immediate possession at the time of commission of the principal offense is, admittedly, circumstantial. However, the standard for reviewing the sufficiency of the evidence on appeal is the same for direct and circumstantial evidence cases; that is to view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Sutherlin v. State,* 682 S.W.2d 546 (Tex.Crim.App.1984). A conviction, or finding, based on circumstantial evidence must exclude every other reasonable hypothesis except the guilt of the accused. *Carlsen v. State,* 654 S.W.2d 444, 447 (Tex.Crim.App.1983). In the present instance, the open container was discovered immediately in front of the steering wheel of the vehicle, within easy reach of the driver. Appellant was the sole occupant of the vehicle at the time of his arrest. The evidence, therefore, is sufficient for a rational trier of fact to have concluded appellant was in "immediate possession" of the open container at the time of his arrest.

■ Appellant also claims the evidence is insufficient to support a finding appellant was in possession of an open container of an *alcoholic* beverage at the time of his arrest. Appellant concedes the testimony of a peace officer is sufficient to show a substance is an alcoholic beverage. *Pierce v. State,* 160 Tex.Cr.R. 646, 274 S.W.2d 408 (1955). Here, however, there was no testimony that the liquid in the open container smelled or tasted of alcohol. The testimony in support of the finding that appellant was in immediate possession of an alcoholic beverage at the time of his arrest is wholly circumstantial. It would have been better practice for the arresting officer to have examined the contents of the open contain-

er in order for him to have testified it contained an alcoholic beverage. However, his testimony contains the implicit conclusion that the can contained an alcoholic beverage, i.e., "beer." The court can take judicial notice that beer is an alcoholic beverage. *See Hines v. State*, 362 S.W.2d 652 (Tex.Crim.App.1962). There was evidence appellant was highly intoxicated at the time of his arrest, and that he smelled strongly of an alcoholic beverage. There was additional testimony that the liquid in the open Budweiser beer can was cold at the time of appellant's arrest. It would defy common sense, under the circumstances, to conclude the substance in the open beer can was something other than an alcoholic beverage. The evidence excludes every other reasonable hypothesis but that appellant was in immediate possession of an open container of an alcoholic beverage at the time of his arrest, with an emphasis being placed on the word "reasonable." There was sufficient evidence by which any rational trier of fact could have reached such a conclusion. Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

SEARS, Justice, dissenting.

I respectfully dissent.

The Appellant was stopped on the freeway by three Houston Police units, and a fourth unit arrived to transport the Appellant to jail. Of those eight police officers present at the scene of Appellant's arrest, none saw a Budweiser beer can in the Appellant's vehicle. The vehicle was then picked up in the *front* by a wrecker, towed 150 to 200 yards to a freeway exit, down the exit to the service road and along the service road to a nearby service station. Later during an inventory of the vehicle, a *cold*, half-empty Budweiser beer can was found still sitting upright on the dash of Appellant's vehicle.

There is no evidence that the Appellant placed the beer can on the dash of his vehicle. It is more reasonable to conclude the wrecker driver placed the can on the dash then it is to speculate that Appellant did so and eight Houston Police officers failed to see the can which was in plain view.

Also, the police did not smell, taste, observe the color or carbonation of the contents of the can, not did they conduct any tests on the contents or preserve the evidence for trial. Although the officers testi-fied the Appellant had alcohol on his breath, no one testified they detected *beer* on his breath. The arresting officer observed the Appellant during a four and one-half mile chase, yet never saw him take a drink from the can or put the can on the dash.

I find that the State failed to prove beyond a reasonable doubt that the can was in the vehicle at the time of Appellant's arrest, or that the can contained an alcoholic beverage. I would reverse the finding of a violation of Article 6701*l*–1(f), reverse the condition of probation requiring thirty days confinement in the county jail, and affirm the conviction of DWI.